STATE *v.* J. R. THOMPSON.

The case of the *State* v. *Thomas*, 12th Rob. Rep. 48, deciding that the act of 21st December, 1814, entitled " an Act concerning the police of slaves in certain cases and for other purposes," did not create an indictable offence, but was a regulation of police, and prescribed a civil proceeding for a civil penalty, affirmed.

The interpretation of a statute becomes, as it were, a part of the statute, and it should not be changed but for the most cogent reasons.

In a civil proceeding the son is an incompetent witness for the father. C. C. 2260. In a criminal proceeding he is competent.

APPEAL from the District Court of the Parish of Iberville, *Robertson*, J.

The District Attorney for the *State*. *Deblieux & Mathews*, for defendant and appellant.

SPOFFORD, J. The District Attorney for the Sixth Judicial District filed an information against *John R. Thompson*, for employing a large number of slaves on his plantation, in the parish of Iberville, without having permanently on the said plantation a white person for each and every thirty slaves working thereon, to oversee the said slaves, and maintain a good police among thm.

The information was based upon the statute of December 21st, 1814, and concluded against the peace and dignity of the State of Louisiana.

A bench warrant issued under which the defendant was arrested, and, upon his arraignment, he pleaded not guilty.

It appears by a bill of exceptions that, on the trial, the defendant called his son, *William Thompson*, of the age of majority, to prove that he had on his plantation, at the time mentioned by the District Attorney in his bill of information, the proper number of white persons, and of the age required by law; but the District Attorney objected to the witness being sworn, on the ground that " this being in the nature of a penal proceeding the son was an incompetent witness for his father," which objection was sustained by the court.

The judgment is in these words: " The court finding the defendant guilty, on motion of the District Attorney it is ordered that the defendant, *J. R. Thompson*, be condemned to pay a fine of three hundred and fifty dollars and costs of prosecution, and that he stand committed until said costs and fine are paid."

His motion for a new trial being overruled the defendant appealed, and he relies for a reversal of the judgment, upon his bill of exceptions, and an assignment of errors.

It was held in the *State* v. *Thomas*, 12 Rob. 48, that the Act of 21st December, 1814, (B. & C.'s Dig. p. 65) did not create an indictable offence, but was a regulation of police, and prescribed a civil proceeding for a civil penalty. The court which decided this cause sat under the constitution of 1812, and its jurisdiction extended to civil cases alone, (Art. IV, Sec. 2.) Notwithstanding the objection of the District Attorney, who had prosecuted the defendant to conviction by indictment, the court took jurisdiction of the case and treated it as a civil proceeding in its result, although clothed in the commencement with the solemnities of a criminal prosecution.

Whatever might be our impressions, were the matter *res integra*, we deem it important, in the construction of statutes, to adhere to what has been already adjudged. The judicial interpretation becomes, as it were, a part of the statute, and should not be changed but for the most cogent reasons.

Considering these as proceedings in a civil matter, the son is an incompetent witness for the father, C. C. 2260. In a criminal proceeding he was competent. 11 M. 2 Phil. Ev. 77.

But, after arresting and arraigning the defendant as in a criminal case, and excluding the evidence he offered because it was not admissable in a civil case, the court proceeded to pass sentence upon him as a convicted criminal, whereby he was ordered to stand committed until the fine and costs were paid.

He has in this manner been deprived of the benefits and subjected to the hardships peculiar to both modes of procedures. It is not thus the State should deal even with her erring children.

The proceeding intended by the the statute being a civil one, the defendant was entitled to freedom from arrest, to reasonable notice of the District Attorney's motion, that he might file an answer, if so disposed, and to have the evidence taken down in case of appeal. Moreover, the judgment should disclose the reason for which it was rendered, and be signed by the Judge, and executed by writ of *fieri facias*, unaided by the terrors of imprisonment. In the case of the *State* v. *Thomas*, above cited, the court said that although there had been an indictment and a verdict of guilty, that did not vitiate the subsequent proceedings by formal written motion as in a civil case, for a recovery of the penalty. And the judgment was there affirmed expressly on the ground that the facts proved and admitted in the record fully made out the case under the statute.

We cannot say as much here. There is no admission, and no proof. The form of a criminal prosecution was not, for a moment, abandoned.

This has been assigned as error, and, we think, with propriety.

In a case very similar to the present, the Supreme Court, *ex proprio motu*, annulled the judgment, where the State had proceeded by a criminal instead of a civil action. *State* v. *Linton*, 3 Rob. 56.

It is therefore ordered and decreed that the judgment appealed from be annulled, and the criminal proceedings against the defendant be dismissed, reserving to the State her right to proceed according to the mode pointed out for the recovery of the fine by the Act of December 21st, 1814.