(40 South. 697.)

No. 15,890.

LINDNER v. YAZOO & M. V. R. CO. et al.

(Feb. 26, 1906.)

1. ACTIONS—MISJOINDER—EFFECT.

Where the possessory and petitory actions, or features of these two actions, are sought to be combined in one petition, the possessory lapses, and only the petitory remains.

2. PETITORY ACTION—BURDEN OF PROOF.

Where plaintiff alleges his ownership of real property and the occupancy of the property by a railroad, and prays that the railroad be made to pay the value of the property by way of damages in case it elects to keep the property, the suit is petitory, and the burden of showing title rests upon plaintiff.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 803.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

Action by John F. Lindner against the Yazoo & Mississippi Valley Railroad Company and the Illinois Central Railroad Company. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Theodore Cotonio, for appellant. Gustave Lemle and Hunter Collins Leake (J. M. Dickinson, of counsel), for appellee.

PROVOSTY, J. An exception of no cause of action was sustained in the lower court. The plaintiff alleges that he acquired at tax sale in 1903, by authentic act duly recorded, two certain lots of ground which he describes. That the defendant railroads—

"Have trespassed and are trespassing upon said properties, and have built tracks thereon without previous compensation being paid to petitioner for said properties, and will continue to trespass upon said properties, to the injury of petitioner, unless enjoined and restrained by order of this honorable court, and, if said properties are necessary to said railroad companies for their business, the said railroad companies should by proper proceedings expropriate the same in the manner and form prescribed by law, or, in the alternative, that petitioner have and recover judgment against said corporation, jointly and in solido, for the taking of said properties, in the sum of $2,500.

"Wherefore he prays judgment against defendants, restraining, enjoining, and prohibiting them and each of them, their agents, representatives, and employés, from trespassing upon petitioner's properties, and, if said companies or either of them elect to take petitioner's said properties for their uses and purposes, that they and each of them be ordered to file expropriation proceedings in the manner and form prescribed by law, or, in the alternative, that petitioner have and recover judgment against said corporation jointly and in solido in the full sum of $2,500, with interest thereon, and all costs, and general relief."

Plaintiff does not allege that he has been in the real and actual possession of the property for one year or more, and hence his suit is not the possessory action. Code Prac. art. 46 et seq.; Civ. Code, art. 3455. He alleges that the property belongs to him, and that the defendant railroad is in possession of it, and prays judgment for the money value of the property; hence his suit is petitory. Code Prac. art. 43. True, he cumulates with his petitory action an action in trespass, which is a branch of the possessory action; but that feature of the petition must be treated as mere surplusage, since the possessory and petitory actions cannot be combined in one petition, and where such a combination is attempted the possessory feature lapses and the petitory alone remains. Code Prac. art. 57 et seq.

Ordinarily, in the petitory action the property itself is claimed; but this court has held that where the owner has suffered his property to be traversed by a railroad, so that its continued occupancy has become essential to the operation of a railroad, he can no longer claim the property itself, but

can only claim its money value by way of damages (St. Julien v. Railroad Co., 35 La. Ann. 924; Lawrence v. Steamship Co., 39 La. Ann. 427, 2 South. 69, 4 Am. St. Rep. 265); and that is really what the plaintiff is doing in this case.

Plaintiff's suit being petitory, the burden is on him to show title, and his suit may be defeated by all the means available for resisting an ordinary petitory action; and we need hardly add that such a suit in damages for the value of the property may be defeated by an abandonment of the property.

Judgment set aside, and case remanded to be proceeded with according to law. Defendant to pay costs of appeal.