Judgment affirmed, at the cost of defendant and appellant.

PROVOSTY, J., absent on account of illness, takes no part.

O'NIELL, J., concurs in the decree, but not in the ruling that the doctrine res ipsa loquitur applies to this case; the ruling on that question being, in his opinion, unnecessary when the court found that the plaintiff's allegation that the defendant had violated the fire escape law set forth a cause of action.

═══════

(80 South. 210)

No. 21549.

JACKSON v. CURRIE, Sheriff, et al.

(Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. ACTION ⬅52 — POSSESSION — STATUTE.

Code Prac. art. 55, forbidding cumulation of petitory and possessory actions, except by consent of parties, was intended to protect possession, and one in possession for more than one year cannot be disturbed except by another who has acknowledged that possession and has obtained contradictorily against it a judgment recognizing his ownership.

2. ACTION ⬅52—PETITORY ACTION—STATUTE.

Under Code Prac. art. 55, forbidding cumulation of petitory and possessory actions, except by consent of the parties, a defendant sued in a possessory action cannot bring a petitory action until after judgment rendered in the possessory action, and until, if he has been condemned, he shall have satisfied judgment.

3. ACTION ⬅52 — CUMULATION OF ACTIONS —WAIVER.

Code Prac. art. 55, forbidding the cumulation of petitory and possessory actions, except by consent of parties, was enacted in possessor's interest, but a possessor who cumulates actions to maintain possession by injunction, and to have ownership recognized, waives its benefits, and, in view of article 150, defendant may have the question of ownership decided.

4. LIMITATION OF ACTIONS ⬅36(3)—POSSESSORY ACTION—STATUTE.

In action to have ownership of property recognized, wherein defendant put plaintiff's title in issue, plaintiff's established plea of 5 years' prescription, within Civ. Code, art. 3542, relating to the nullity or rescission of contracts, in view of article 2221 and of article 3543, fixing a like prescription against all informalities in a public sale by which plaintiff acquired property, was good.

Appeal from Third Judicial District Court, Parish of Bienville; William C. Barnette, Judge.

Suit for injunction by Mrs. Lucy Jackson against J. E. Currie, Sheriff of Bienville Parish, and Mrs. M. E. Stringer. Judgment for plaintiff, and defendants appeal. Affirmed.

Stewart & Stewart, of Minden, for appellants.

Reynolds & Williams, of Arcadia, for appellee.

LECHE, J. On August 25, 1893, Mrs. Lucy Jackson obtained a judgment condemning Mrs. M. E. Stringer and her husband, in solido, to pay her the sum of $150, with in-

terest and costs, and recognizing said indebtedness as secured by mortgage upon property of Mrs. M. E. Stringer, situated in the parish of Bienville. A writ of fi. fa. having issued in execution of said judgment, the property was seized, and in due course sold to plaintiff on December 16, 1893. Plaintiff some time later took possession and rented the property to J. F. Skaines.

The present suit was filed February 18, 1914, and in her petition plaintiff alleges her acquisition and ownership of the property and her open, peaceable, and actual possession thereof for more than 10 years by just title and in good faith. She further alleges that J. E. Currie, sheriff of Bienville parish, at the instance of Mrs. M. E. Stringer, a resident of Winn parish, has given notice to J. F. Skaines, her tenant, to vacate said property, and in case of his failure to do so said sheriff further notified him that he would be ejected therefrom; that said sheriff was acting by virtue of a writ of possession issued at the instance of Mrs. M. E. Stringer, plaintiff in a suit entitled Mrs. M. E. Stringer v. A. G. Whitlow; that the said notice and conduct of said sheriff constitute a disturbance of an actual and real possession as owner, which she has exercised and enjoyed for the past 20 years; that said illegal writ was issued on a judgment which was rendered in favor of Mrs. M. E. Stringer, recognizing her ownership of said land, at a date anterior to the seizure and sale under which petitioner acquired her title thereto. She thereupon obtained a writ of injunction restraining J. E. Currie, sheriff, and Mrs. M. E. Stringer from further disturbing her possession of said property, and she prayed for judgment perpetuating the injunction herein issued, decreeing petitioner to be the owner of the land, and decreeing the writ of possession illegal, null, and void, and to have been improvidently issued.

Defendant first filed several dilatory exceptions, then an exception of no cause of action, all of which having been overruled, she then answered and attacked the validity of the judgment obtained by plaintiff against herself on August 25, 1893. She averred that the note and mortgage upon which said judgment was rendered were given for a debt of her husband, Alexander Stringer, that she owed no part of the debt, that she was never authorized to contract said debt or to mortgage her paraphernal property to secure the same, and that said judgment was rendered and executed in contravention of a prohibitory law, and was null and void. She further averred that the debt sued on was to the knowledge of plaintiff, the debt of her husband, that it did not inure to her separate benefit, and that in her actions and conduct she was coerced by her husband, and could not defend herself; that the sheriff never seized said property, never served any notices on her, that no price was paid therefor, and that it was a taking of the wife's property for her husband's debt, and therefore prohibited. She further averred that she was a married woman; "that she remained under coverture till just before this suit was filed and should [could] not assert her rights for the reason that her actions would have been prejudicial to her husband." She finally prayed that plaintiff's suit be dismissed and her demand rejected, with costs.

From a judgment in favor of plaintiff, defendant has appealed.

Defendant's dilatory exceptions have virtually been abandoned and are not urged on this appeal. She contends, however, that her exception of no cause of action should have been maintained, and she accordingly prays that the ruling of the district court be reversed, and plaintiff's suit dismissed upon that exception.

[1-3] The ground upon which defendant bases her exception of no cause of action is

that plaintiff in her petition has cumulated inconsistent demands, the one to be quieted in her possession, and the other to be decreed the owner of the property; that it is an illegal cumulation of the possessory and the petitory action, and for that reason plaintiff's suit should be dismissed.

Article 55 of the Code of Practice forbids the cumulation or joining together of petitory and possessory actions except by consent of parties, and therefore a defendant who is sued in a possessory action cannot bring a petitory action until after judgment shall have been rendered in the possessory action, and until, if he has been condemned, he shall have satisfied the judgment given against him.

The purpose of this rule of law is to protect possession. One, in other words, who has been in possession for more than one year is entitled to say "possideo quia possideo," and to be maintained in that possession, and cannot be disturbed in fact or in law except by another who has acknowledged and respected that possession, and who has obtained contradictorily against the possessor a judgment recognizing his ownership of the property. But where one who is in possession institutes a suit and cumulates the two actions, he abandons the advantage of possession which the law so guardedly protects. Article 55 of the Code of Practice was enacted in his interest, but he may waive its benefits. If he does waive the advantage of possession, he thereby places the defendant, who is out of possession, in a better situation, and the latter has no ground to complain. The defendant may at once put plaintiff's title at issue without satisfying the claims to which plaintiff would otherwise be entitled as the result of a disturbed possession. This is made manifest by article 150 of the Code of Practice, which prescribes that one cannot claim, at the same time, both the possession and the ownership; if the two are demanded, it shall be presumed that the possessory has been relinquished in order to resort to the petitory action. When, therefore, plaintiff in the present suit alleged her ownership and possession, and prayed at the same time to have her possession maintained by a perpetuated injunction, and to have her ownership of the property recognized, she did not thereby incur the penalty of dismissal of her suit, but she waived the advantage of possession which the law had conferred upon her, and she enabled defendant to at once have the question of ownership passed upon and decided. See Lindner v. Yazoo & M. V. R. Co. et al., 116 La. 262, 40 South. 697; Baldwin Lumber Co. v. Delfares, 130 La. 712, 58 South. 519. We therefore hold that the exception of no cause of action was properly overruled.

[4] This case might be disposed of on the merits by an analysis of the evidence, because that evidence fails to support the contentions of defendant, but that would serve no useful purpose, inasmuch as the plea of 5 years' prescription advanced by plaintiff bars all of Mrs. M. E. Stringer's defenses. Article 3542 of the Civil Code fixes a prescription of 5 years against actions for the nullity or rescission of contracts, and article 3543 fixes a like prescription against all informalities connected with or growing out of any public sale, etc. The record shows that Alexander Stringer, husband of defendant, died March 31, 1909, and the defense in nullity of plaintiff's title was pleaded June 20, 1914. The 5-year prescription having commenced to run from the death of Stringer, C. C. art. 2221, had completed its course before defendant attacked the validity of her note and mortgage and before she pleaded the informalities in the public sale by which plaintiff acquired the property. See Munholland et al. v. Fakes et al., 111 La. 932, 35

South. 983; Brownson v. Weeks, 47 La. Ann. 1042, 17 South. 489.

For these reasons, the judgment appealed from is affirmed.

O'NIELL, J., concurs in the decree.