(127 So. 735)

CONRAD v. CONRAD.

No. 29658.

March 5, 1930.

Louis E. Jung, of New Orleans, for appellant.

Edwin I. Mahoney, of New Orleans, for appellee.

ST. PAUL, J.

Plaintiff sued for a separation and obtained a decree accordingly. She subsequently sued for a divorce a vinculo, which was also granted. In neither her petition for separation nor her petition for divorce did plaintiff ask for a *partition* of the community property, though she did ask for some relief in connection therewith, such as alimony and injunction against alienation pendente lite, and an inventory.

After the judgment of divorce the plaintiff then sought a partition of the community property; to which prayer for a partition the defendant filed what amounts to a plea of res judicata, to wit, that the failure of the judgment granting the divorce to grant a dissolution and partition of the community was in effect to reject any claim for such dissolution and partition.

Separation from bed and board carries with it, necessarily, separation of goods and effects. R. C. C. art. 155. Hence a decree of divorce or of separation from bed and board is necessarily a decree of dissolution of the community. It is true in White v. White, 153 La. 314, 95 So. 791, it was held that silence in a judgment of separation from bed and board as to a partition of the community was equivalent to rejecting a demand for such partition. But in that case it will be observed that the partition was expressly demanded; and above all that, appellant, by failing to appeal, might be regarded as acquiescing, and being cut off by what was then thought the short period of 30 days allowed a wife in which to accept the community. But that erroneous belief was corrected in Phillips v. Phillips, 160 La. 813, 107 So. 584. And the reasons which led to the expressions in the White Case being no longer applicable, the expressions used should no longer be considered controlling. In fact, to adhere to the expressions in the White Case would nullify the later doctrine of the Phillips Case and the provisions of Act No. 4 of 1882 on which it is based.

### Decree.

The judgment appealed from ordering a partition is therefore affirmed.

(127 So. 735)
## STATE v. COURTNEY et al.
### No. 30406.

March 5, 1930.

