LAND, J.
 

 On October 10, 1928, the plaintiff, Robert I-I. Lyons, entered into a written agreement to sell to the defendant; George J. Veith, property No. 1228 Desire street in the' city of New Orleans for the sum of $2,500, and acknowledged in the agreement the receipt of $250 to bind the sale.
 

 Plaintiff has instituted the present suit to compel defendant to accept title and to comply with the terms and conditions of the sale.
 

 From a judgment in favor of plaintiff, as prayed for, defendant has appealed.
 

 Plaintiff purchased the property on October 9, 1924, from John P. Barrios, who had acquired same during his marriage to Anna Burnett.
 

 On June 9, 1916, prior to the sale to plaintiff by Barrios, he had obtained a judgment of absolute divorce from his wife in the civil district court for the parish of Orleans. At the date of the institution of the suit for divorce, Barrios resided in that parish, and' his wife
 
 *918
 
 was living in Pensacola, Fla., and was represented in the divorce proceedings by a curator ad hoe.
 

 The public records of the Parish of Orleans fail to show that Anna Burnett Barrios accepted the community within 30 days from the date of the decree of divorce, or that she had obtained Within that term a prolongation from the judge, as required by article 2420 of ■the Oivil Oode of this state.
 

 This article provides that: “The wife, separated from bed and board, who has not within the delays above fixed, to begin from the separation finally pronounced, accepted the community, is supposed to have renounced the same; unless, being still within the term, she has obtained a prolongation from the judge, after the husband was heard, or after he was duly summoned.” See article 2419,' Oivil Oode.
 

 Defendant’s counsel contends, as the reason for rejecting the title, that article 2420 of the Civil Code, as interpreted in the case of Phillips v. Phillips, 160 La. 813, 107 So. 584, decided March 31, 1926, does not require the wife, separated from bed and board, or divorced, to accept or demand within 30 days her interest in the community which existed between her and her former husband, and that her failure to so accept does not debar her from afterwards asserting her rights to a community interest in the property.
 

 On the other hand, counsel for plaintiff asserts that the decision of this court in the case of Phillips v. Phillips, above referred to, is an interpretation of the law applicable to future transactions, and is not be given a.retrospective effect, since at the date of plaintiff’s purchase it was the established jurisprudence of this state that the failure of the wife to accept the community within the delay of 30 days, as prescribed by article 2420 of the Oiyil Code, operated as a renunciation of her community rights and as a bar to any assertion thereafter by her of such rights.
 

 In Weller v. Von Hoven, 42 La. Ann. 600, 7 So. 702, decided May, 1890, this court held thgt: “Under article 2420, Rev.-Civil Code; the failure of the wife, separated from bed and board, to accept the community, either expressly or tacitly, within the delays therein prescribed, operates a conclusive and irrevocable ‘ renunciation thereof, which bars any subsequent assertion of the community rights.”
 

 This court also held that: “Article 2420 remains in force, and was not repealed by Act No. 4 of 1882” — -which allows the wife, when the marital community is dissolved by a decree of separation from bed and board, or divorce, or by the death of the husband, the right to accept the community under the benefit of inventory “in the same manner, and with the same benefits and advantages, as heirs are allowed by existing laws to accept a succession under the benefit of inventory.”
 

 In the ease of Wand v. Wand, 155 La. 257, 99 So. 211, decided Jan. 28, 1924, it was held that article 2420 of the Civil Code, requiring the wife to accept the community within 30 days, is applicable to nonresident wives.
 

 In the Wand Case, Herman v. Theurer, 11 La. Ann. 70, is cited with the following comment:
 

 “In Herman v. Theurer, supra, the wife had fled with her paramour, and .the judgment of divorce was rendered contradictorily with a curator ad hoc. Some years afterwards she claimed a share in the- community; but, although the husband had prayed, and the court had decreed, that the parties be referred to a notary ‘for the settlement of the community of acquets and gains which existed between them,’ nevertheless this court held that this was not an
 
 acceptance
 
 of the com
 
 *920
 
 munity by her, and that, having failed to accept the same within the delay of 30 days above provided for, she was conclusively presumed to have renounced the same. The court said:
 

 “ ‘Her action is barred, unless the conduct of the defendant (her' husband) has been such as to prevent her from ascertaining her rights in regard to the community. * * * The absence of the plaintiff with her paramour, at the time the decree was pronounced, is not a circumstance calculated to make a very favorable excuse for not looking into her rights at the time the judgment was rendered.’ ” Page 259 of 155 La., 99 So. 211, 212.
 

 In the suit for divorce, filed by John P. Barrios against his wife, it is alleged that she was living with a paramour in Pensacola, Ela., at the date of the institution of the suit, and a curator ad hoe was appointed to represent her.
 

 Under the authority of Herman v. Theurer, affirmed in Wand v. Wand, as well as under the authority of Weller v. Von Hoven, above cited, plaintiff’s title to the property is good.
 

 Plaintiff purchased the property in dispute prior to the decision in Phillips v. Phillips, which overruled the case of Weller v. Von Hoven, and changed the established jurisprudence on the subject. This change in judicial construction, however, is not retrospective in effect, and cannot affect plaintiff’s title under the decision in Succession of Levy v. Hitsche, 40 La. Ann. 508, 4 So. 472, 476, and cases cited in support of that decision.
 

 In Succession of Levy v. Hitsche, above cited, it is held that: “The true rule is to give a change of judicial construction in respect to a statute the same effect, in its operation on contracts and existing contract rights, that would be given to a legislative amendment ; that is to say, make it prospective, and not retroactive.”
 

 “After a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is to all intents and purposes the same in its effect on contracts as an amendment of the law by means of a legislative enactment.” Ohio Life Insurance Co. v. Debolt, 16 How. 431, 14 L. Ed. 997 ; Douglass v. County of Pike, 101 U. S. 677, 687, 25 L. Ed. 968 ; Hawkins & Roberts v. Beer, 37 La. Ann. 55 ; State v. Thompson, 10 La. Ann. 122 ; Succession of Rixner, 48 La. Ann. 552, 19 So. 597, 32 L. R. A. 177.
 

 This court in no wise departs from the holding in Phillips v. Phillips, 160 La. 813, 107 So. 584, that the wife separated from her husband is not presumed to renounce the community by failure to formally accept within 30 days after the decree of separation; but merely holds, in this opinion, that the Phillips Case is not retrospective in its effect.
 

 Judgment affirmed.
 

 O’NIELL, C. J. is of the opinion that, as the judgment in this case cannot bind Mrs. Anna Burnett Barrios, the defendant should not be compelled to take title and perhaps have to litigate with Mrs. Barrios some day.