193 So. 589

RAWLINGS v. STOKES.

No. 35540.

Jan. 9, 1940.

Miguel T. Hewes, of New Roads, for plaintiff and appellant.

J. P. Jewell, Jr., of New Roads, and Monroe & Lemann and Malcolm L. Monroe, all of New Orleans, for defendant and appellee.

ROGERS, Justice.

Miles McGehee Stokes and Anne Knott Stokes were married at Louisville, Kentucky, on November 26, 1902, and they subsequently established the matrimonial domicile in Adams County, Mississippi. On January 29, 1919, Mr. Stokes purchased a tract of land situated in Pointe Coupee Parish, Louisiana, which property is the subject of this controversy. The title was taken in the name of Mr. Stokes and the act of sale was silent as to the ownership of the funds used for the purchase. On March 15, 1922, Miles McGehee Stokes and his wife, Anne Knott Stokes, entered into a mortgage trust contract, under the provisions of which Mr. Stokes agreed to give Mrs. Stokes a note for $15,000, to bear interest at six per cent and secured by a mortgage on certain property situated in the State of Mississippi. In consideration of this agreement, Mrs. Stokes waived all present and future claims for alimony and renounced all right

to make a claim as heir at law, or as the widow of Mr. Stokes. The agreement did not refer to the property in Louisiana. It was recorded in Adams County, Mississippi, and in no other place. On July 18, 1922, Mr. and Mrs. Stokes were divorced by a decree of the Chancery Court of Adams County, Mississippi.

On December 29, 1931, Mr. Stokes executed a note for $15,000 in favor of the Britton and Koontz National Bank of Natchez, Mississippi. This note was secured by a mortgage on the property involved in this suit. The act of mortgage was recorded in the mortgage records of the Parish of Pointe Coupee on December 30, 1931.

As Mr. Stokes was unable to make the payments on the note for $15,000, executed on March 15, 1922, and held by Mrs. Stokes, the property in Mississippi was sold at public sale by the trustee and acquired by Mrs. Stokes. This sale took place on March 6, 1934, and on April 11, 1935, Mrs. Stokes, in consideration of the execution of the trustee's deed to her, released Mr. Stokes and the trustee from their various obligations under the note. Mr. Stokes, in the meantime, had become bankrupt and the release of Mrs. Stokes recited that she waived all claims against the trustee in bankruptcy and against the estate of Mr. Stokes.

In February, 1938, the Britton and Koontz National Bank of Natchez, Mississippi, in liquidation, instituted foreclosure proceedings in the Eighteenth Judicial District Court of Louisiana, Parish of Pointe Coupee, under the act of mort-

gage executed on December 29, 1931, covering the property in Louisiana. A curator ad hoc was appointed to represent Mr. Stokes in the foreclosure proceeding, but Mrs. Stokes did not appear nor was she represented in the proceeding. The plaintiff purchased the property at the foreclosure sale and thereafter agreed to sell the property to John Hess, who was occupying it as a tenant of the plaintiff bank. Hess refused to carry out the agreement of sale because his attorneys advised him that there was a possibility of Mrs. Stokes asserting a claim to the ownership of an undivided one-half of the property. The Britton & Koontz National Bank was unsuccessful in its efforts to have Mrs. Stokes execute an instrument waiving and renouncing her rights to the property, and, as a result, this suit was instituted.

Plaintiff, in his original petition herein, alleged that Miles McGehee Stokes, plaintiff's author in title, acquired the interest of Anne Knott Stokes to the property under the written agreement executed by her on March 15, 1922; that Mrs. Stokes lost all her right, title and interest in the property because Mr. Stokes had been a possessor thereof in good faith and by just title for more than ten years; that in the instrument dated April 11, 1935, Mrs. Stokes "legally recognized her divorced husband's legal and prescriptive title to said real estate, and renounced in his favor all of her pretended or possible claims, rights, actions, or title to or interest in and to the property formerly owned in indivision by them, etc." These allegations were denied by the defendant. Plaintiff also alleged in the petition that the suit is a petitory action and defendant admitted this in her answer. In a supplemental and amended petition plaintiff alleged that Mrs. Stokes had failed to claim her interest in the community property within thirty days after the decree of divorce had been rendered and therefore was without right to assert any claim to the property. This allegation was denied by the defendant. The petition also contained the following averment: "Your petitioner now asserts and invokes the benefits of all laws and parts of laws relative to estoppel."

After a trial on the merits, the trial judge held that Mrs. Anne Knott Stokes had not been divested of her one-half interest in the property in dispute and that she is still the owner thereof, and, accordingly, he rendered judgment in favor of Mrs. Stokes and against the plaintiff rejecting plaintiff's demands at his cost. Plaintiff is appealing from the judgment.

Plaintiff denominates his action as an action of jactitation or slander of title. While plaintiff, in his petition, prays that Mrs. Stokes be ordered to disclaim any title whatsoever to the property in dispute or to assert such rights as she might have against the property, he also alleges that "this case is in fact and truth a petitory action against an absentee," and he prays that judgment be rendered in his favor decreeing the title to be vested in him as Receiver of the Britton and Koontz National Bank of Natchez, Mississippi, and rejecting all adverse claims of Mrs. Anne Knott Stokes.

An examination of the petition filed by plaintiff discloses that plaintiff has set forth not only the chain of title on which he relies in support of his claim of ownership, but also the title of defendant, in averring how defendant became divested of her title. On the other hand, an examination of defendant's answer discloses that she admits having acquired an interest in the property and denies that she has become divested of her interest as alleged by plaintiff. Defendant further denies plaintiff's allegations that she has lost her claim to the property by failing to assert the claim within thirty days after the decree of divorce was entered.

Plaintiff, at the same time and by the same pleadings, seeks to obtain judgment in his favor in an action of jactitation or slander of title, a branch of the possessory action, and also a judgment decreeing him to be the owner of the property in dispute under the title set forth in his pleadings, which title is directly placed in issue by defendant's pleadings. By thus cumulating his actions, plaintiff is presumed to have waived the possessory action in order to resort to the petitory action. Code Prac. art. 150; Jackson v. Currie, 144 La. 89, 90, 80 So. 210, Siegel v. Helis, 186 La. 506, 172 So. 768.

As a consequence of plaintiff's allegations and the defendant's denial thereof, the question presented for decision is whether defendant has become divested of her interest in the property.

There is no dispute that the property involved in this suit was acquired during the existence of the matrimonial community resulting from the marriage of Miles McGehee Stokes and Anne Knott Stokes and there can be no dispute that, on the dissolution of their marriage, this community property became the property of both of them in equal proportions. Phillips v. Phillips, 160 La. 813, 107 So. 584. Therefore, when Miles McGehee Stokes granted the mortgage of December 29, 1931, in favor of the Britton and Koontz National Bank, the mortgage covered only his undivided one-half interest in the mortgaged property, unless Mrs. Stokes previously had become divested of her undivided one-half interest therein.

The first question to be determined is whether Mrs. Stokes has at any time transferred or relinquished her undivided one-half interest in the property mortgaged by Mr. Stokes to the Britton and Koontz National Bank.

Plaintiff contends that by virtue of the deed of trust executed on March 15, 1922, Mrs. Stokes transferred and released all her right, title, or interest in the property. This contention is not well founded, first, because the deed of trust was executed during the existence of the marriage of Mr. and Mrs. Stokes, and is, therefore, without effect with respect to the property situated in Louisiana, Civ. Code, art. 2454; Rush v. Landers, 107 La. 549, 32 So. 95, 57 L.R.A. 353; Kelly v. Kelly, 131 La. 1024, 60 So. 671; Loranger v. Citizens' Bank, 162 La. 1054, 111 So. 418; secondly, because the deed of trust contains no reference whatever to the property in dispute and no indication at all of an intention on the part of Mrs. Stokes

to release or relinquish her interest therein. In this instrument, what Mrs. Stokes relinquished was her present and future claims for maintenance and support, all claims for alimony, both temporary and permanent, all claims for attorney's fees in the event of suit for separation or divorce, and any and all rights of inheritance as heir at law, or as widow in the estate of her husband in the event of his prior death. The instrument on its face discloses that it is nothing more than an agreement on the part of Mr. Stokes to provide for the support of his wife by means of the income derived from a note executed in her favor and secured by a mortgage covering specific property situated in Mississippi, in consideration of which on her part, she agreed to waive her right to alimony and her right to participate in the estate of her husband, in the event of his prior death. No settlement of any rights or interests of the parties in the property in Louisiana is embodied in the instrument and no such settlement was attempted or intended by the contracting parties.

 A mere reading of the instrument dated April 11, 1935, as well as the documents dated January 20, 1934, and March 6, 1934, discloses that they were all recorded in Adams County, Mississippi, and relate only to matters and transactions affecting property situated in Mississippi. When Mrs. Stokes, in these documents, released Britton and Koontz National Bank; the Receiver thereof, Miles McGehee Stokes, his trustee in bankruptcy, and Gerard Brandon, the trustee named in the deed of trust, from all claims for damages, past and present, and further released all claims which she might have against the estate of Miles McGehee Stokes, she did not intend to recognize, and did not recognize, her divorced husband's legal and prescriptive title to the property situated in Louisiana, nor did she renounce in his favor her rights or interests in the Louisiana property.

 The next question to be determined arises on plaintiff's plea of ten years' prescription acquirendi causa. To serve as a basis for this prescription, in addition to good faith and actual possession, the title relied on must be one translative of property. Bayard v. Baldwin Lumber Company, 157 La. 994, 103 So. 290. No such situation is presented in this case. Plaintiff has not produced any title which transfers the interest of Mrs. Stokes in the property to Mr. Stokes. The adjudication of the property to Britton and Koontz National Bank in the foreclosure proceeding is not sufficient to support the plea because that adjudication took place on April 30, 1930, at which time the prescription relied on had not accrued.

 A further question to be disposed of is the question of estoppel. Plaintiff does not indicate the basis of the plea. Mere silence or inaction without the running of prescription, as prevails in this case, can not serve as a basis of estoppel. The documents executed in 1934 were not relied on by Britton and Koontz National Bank when it accepted the mortgage executed by Mr. Stokes in 1931, and they can not serve as the basis for the plea of

estoppel, and certainly any letters written by Mrs. Stokes in the month of January, 1938, for the purpose of ascertaining the status of the property, could not create an estoppel against her.

The last question presented for our consideration is whether Mrs. Stokes' undivided one-half interest in the community property was divested by her failure to formally accept the community within thirty days after the judgment of divorce became final. In support of his contention that such was the case, plaintiff relies on the statutory law and jurisprudence existing in 1922, when the marriage of Mr. and Mrs. Stokes was dissolved by the judgment of divorce. The statutes to which plaintiff refers are Article 2420 of the Civil Code and Act No. 4 of 1882. The codal article was repealed by Act No. 49 of 1926, but the legislative act has not been repealed nor amended. Until the decision of this Court in Phillips v. Phillips, which was rendered in March, 1926, and is reported in 160 La. 813, 107 So. 584, the jurisprudence, based on the article and the statute, was to the effect that the wife lost her interest in the community property by failing to accept the community within thirty days after the judgment of divorce, or separation, became final. But in the Phillips case, this Court, in a well-considered opinion, changed the previously existing jurisprudence, when it decided that Article 2420 of the Civil Code was abrogated by Act No. 4 of 1882, and that the divorced wife, or the wife separated from her husband by judicial decree, enjoyed the same rights and advantages with respect to the community property as the wife who has become a widow by the death of her husband. The rule laid down in the Phillips case was approved by this Court in the case of Conrad v. Conrad, 170 La. 312, 127 So. 735.

Plaintiff asserts that the decision in the Phillips case was modified by the decision in the later case of Lyons v. Veith, 170 La. 915, 129 So. 528. In the Lyons case, this Court expressly declared, at page 919 of the opinion in 170 La., at page 529 of 139 So. that it in no wise departed from the holding in the Phillips case and was merely holding that the Phillips case is not retrospective in its effect.

There is a clear distinction between the holding in the Phillips case and the holding in the Lyons case. This distinction is pointed out by the Court of Appeal, Second Circuit, in the case of Blunson v. Knighton, 140 So. 302, 306. We quote with approval the following from the opinion in that case:

"A distinction between the Phillips Case and the Lyons-Veith Case clearly exists. As we have said, the Phillips Case was between husband and wife and was given a retrospective effect, while in the Lyons-Veith Case the plaintiff, seeking to enforce a contract of sale of real estate, had acquired his title under a contract of sale, depending upon the correctness of the judicial construction then prevailing on article 2420 of the Civil Code, and it is properly held that the rule laid down in the Phillips Case should not apply, as it relates to the retrospective effect of the doctrine. While the Supreme Court did not

expressly recognize the distinction we are here making between these cases, yet it occurs to us that a fair consideration of the two opinions will show that there was recognized this distinction. All the authorities quoted in the Lyons-Veith Case sustaining the view that the doctrine enunciated in the Phillips Case should not have retrospective effect involved only instances where the rights affected were acquired under contract. No cases were cited where this question is between husband and wife."

 The Britton and Koontz National Bank did not acquire any interest in the property in dispute until the date of its mortgage, which was executed on December 29, 1931. This was more than five years after the decision in the Phillips case and after Article 2420 of the Civil Code was expressly repealed by Act No. 49 of 1926. It is clear, therefore, that the bank did not and was not entitled to rely on a statute that was repealed and jurisprudence that was abandoned five years prior to the acquisition of its rights. As the plaintiff bases his demand on the rights acquired from Mr. Stokes alone under a mortgage executed in 1931, five years after the Phillips case was decided, plaintiff's demand must be limited to such rights as Mr. Stokes had on that date, viz., an undivided one-half interest in the property.

The rights and interests of Mr. and Mrs. Stokes in the community property resulted from their marriage and not from a contract. No settlement of their community rights was made at the time of their divorce, nor at any other time. Under the law as now interpreted by this Court, Mrs. Stokes was not divested of her interest in the community property merely because she did not formally accept the community within thirty days after the judgment of divorce became final. On the dissolution of their marriage by divorce, the community property became the property of both Mr. and Mrs. Stokes in equal proportions. This being so, Mr. Stokes, in the year 1931, could not grant plaintiff a mortgage on anything more than his undivided one-half interest in the property owned jointly by him and his divorced wife, and the sheriff's sale made in the foreclosure proceeding could convey to the adjudicatee nothing more than the mortgagor's undivided one-half interest in the property.

For the reasons assigned, the judgment appealed from is affirmed.

ODOM, J., takes no part.