McCALEB, Justice.
 

 Plaintiffs Anthony Dileo, Mrs. Josephine Dileo Wilberg and Santo L. Dileo, are claiming an undivided one-half interest in a certain square of ground located in the town of Independence, Tangipahoa Parish. The facts upon which their demand is
 
 *109
 
 founded are not contested and we find them to be as follows:
 

 The real estate was originally acquired in 1899 by Santo Dileo, the common ancestor, and formed part of the community existing between him and his wife, Josephine Laprize Dileo.
 

 On March 27, 1914, Santo Dileo died, being survived by his widow and four children, namely, Carlo, Anthony (one of the plaintiffs), Joseph and Peter (one of the defendants). His succession was never opened. Carlo Dileo, one of the sons, died in the following year, 1915, and was survived by two children, Josephine Dileo Wilberg and Santo L. Dileo, the other plaintiffs herein.
 

 On May 10, 1930, a paving lien was assessed against the property in favor of the town of Independence for the amount of $3,693.50 and, on the same day, Josephine Laprize Dileo and Peter, Joseph and Anthony Dileo executed two'promissory notes, each for the sum of $1,846.75, payable one year after date to the town of Independence in accordance with the provisions of Act 290 of 1928.
 

 Thereafter, on February 9, 1937, Peter and Joseph Dileo, alleging that they were the legal owners of the paving lien notes, which they had acquired by purchase, instituted executory proceedings against their mother and brother, Anthony Dileo, and obtained an order of seizure and sale of the property in the Twenty First Judicial District Court for the Parish of Tangipahoa. After advertisment, the property was adjudicated to Joseph and Peter Dileo who bid it in at the sheriff’s sale for $500 and, on August 18, 1938, they received a deed from the sheriff.
 

 Joseph and Peter Dileo did not take possession of the land after their acquisition and their mother, Mrs. Josephine Laprize Dileo, remained thereon until her death in 1944, at the age of 92 years. Her succession has never been opened.
 

 On January 16, 1945, Joseph Dileo sold to-Peter Dileo all of his right, title and interest in .the property which they acquired by sheriff’s deed. Following this purchase, Peter Dileo caused the square of ground to be subdivided into lots. On March 12, 1946, he conveyed two lots to Christopher and Joe Matise and, on April 8, 1946, he sold another to Paul P. Lamarca.
 

 With affairs in this state, plaintiffs brought the instant suit against Peter Dileo and his transferees, Christopher and Joe Matise and Paul P. Lamarca, in which they allege that the foreclosure proceedings' instituted by Joseph and Peter Dileo and the sheriff’s sale based thereon are absolute nullities and that they, as the lawful heirs of Santo and Josephine Laprize Dileo, are the owners of a one-half undivided interest in the real estate. Specifically, it is averred that Anthony Dileo, as son of Santo and Josephine Dileo, inherited an undivided one-fourth interest and Mrs. Josephine Dileo Wilberg and Santo L. Dileo, as surviving children of Carlo Dileo,
 
 *111
 
 the deceased son of Santo and Josephine Laprize Dileo, are claimants to an undivided one-eighth each.
 

 The defendants admit the salient facts as 'hereinabove set forth but deny the invalidity of the proceedings through which Peter .and Joseph Dileo acquired the property. And they pleaded that, if the court should find any illegality or irregularity in the sheriff’s sale, then plaintiffs’ action was barred by the prescription of two years provided by Article 3543 of the Civil Code, .as amended by Act 231 of 1932.
 

 In addition, they pleaded the prescription •of thirty years set forth in Article 1030 of the Civil Code asserting that plaintiffs had neither accepted nor renounced the successions of Santo Dileo and his wife.
 

 Further answering, defendants declared that, in any event, plaintiffs'had failed to take any steps to protect their rights over .a long period of time and that, therefore, they were estopped from contending that Peter Dileo did not become vested with full ownership to the land.
 

 Separate alternative reconventional demands were also filed by defendants. Peter Dileo pleaded that, should the court hold that plaintiffs were entitled to an undivided one-half interest in the property, then he should have judgment against them for their virile share of the paving lien (together with 7% interest from May 10, 1930 and 10% attorney’s fees) which he and his brother, Joseph Dileo, had liquidated and that the whole amount due by plaintiffs was recoverable by him because he had acquired all of his brother’s interest in and to the paving lien by virtue of the act of sale executed in his favor on January 16, 1945.
 

 Christopher and Joe Matise, to whom Peter Dileo had sold two lots, declared alternatively that, should the court hold that plaintiffs are the owners of an undivided one-half interest in the property, they were entitled to have judgment against plaintiffs for the value of certain nmprovements which they had erected on the property possessed by them in good faith. They further called Peter Dileo in warranty.
 

 Defendant Paul P. Lamarca alternatively called Peter Dileo in warranty.
 

 After a trial below, the judge sustained the pleas of prescription of two and thirty years and dismissed plaintiffs’ suit. Plaintiffs have appealed from the adverse decision.
 

 It is manifest that the executory proceedings instituted by Peter and Joseph Dileo are absolutely void as they were merely the holders of the two paving lien notes. Executory process can only be resorted to where the creditor’s right arises from an act importing a confession of judgment in matters of privilege or mortgage (Article 732, C.P.) that is, when the act is passed before a notary public (or other officer fulfilling the same functions) in the presence of two witnesses “and -the obligor declares and acknowledges therein the obligation (whether then existing or
 
 *113
 
 thereafter to arise) to which the privilege or mortgage relates”. Article
 
 733,
 
 Code of Practice.
 

 Therefore, it follows that the judge erred in sustaining defendants’ plea of the two year prescription provided by Article 3543 of the Civil Code. This prescription, which has the effect of curing “Any and all informalities of legal procedure connected with or growing out of any sale at public auction of real or personal property made by any sheriff * * * ”, is not appropriate in matters involving radical nullities. Hickman v. Dawson, 33 La.Ann. 438; Thibodeaux v. Thibodeaux, 112 La. 906, 36 So. 800; Pons v. Yazoo & M. V. R. Co., 122 La. 156, 47 So. 449; Brewer v. Yazoo & M. V. R. Co, 128 La. 544, 54 So. 987 and Dickey v. Pollock, La.App., 183 So. 48.
 

 We are also of the opinion that the judge erred in sustaining the plea of prescription of thirty years. Article 1030 of the Civil Code declares: “The faculty of accepting or renouncing a succession becomes barred by ihe lapse of time required for the longest prescription of the rights to immovables”.
 

 Defendants contend that plaintiffs did not accept the succession of Santo Dileo within thirty years from his death in 1914 and therefore they must he considered to have renounced it. In support of the proposition, the case of Schultze v. Frost-Johnson Lumber Co., 131 La. 956, 60 So. 629 is cited.
 

 The point is not tenable. It is the firmly established jurisprudence that forced' heirs do not lose by prescription their right of inheritance in failing to accept the succession within thirty years because, if they have not renounced it, they are presumed to have accepted it. Le mort saisit le vif. Articles 940, 941, Civil Code; Generes v. Bowie Lumber Co, 143 La. 811, 79 So. 413; Bendernagel v. Foret, 145 La. 115, 81 So. 869; Dew v. Hammett, 150 La. 1094, 91 So. 523 and Tillery v. Fuller, 190 La. 586, 182 So. 683. The obiter dictum to the contrary in Schultze v. Frost-Johnson Lumber Co, supra, upon which defendants depend, was based on the ruling in Succession of Waters, 12 La.Ann. 97, which was specifically overruled in Generes v. Bowie Lumber Co., supra.
 

 Defendants have filed in this court another plea of prescription—that of five years, which is provided by Act 6 of 1928, Dart’s Louisiana Code of Practice, Article 123.114. This statute declares, among other things, that all sheriff’s deeds shall be valid, by prescription, five years from their date where the original owner knew that the sheriff was proceeding to sell his property and where said purchaser, or those claiming under him, went into possession under such deed to the knowledge of the owner of the property.
 

 [4] There is no proof whatever in the record that Joseph and Peter Dileo, the purchasers, went into possession under the sheriff’s deed. On the contrary, defend
 
 *115
 
 ants admitted that Mrs. Josephine Laprize Dileo continued to live on the property until the time of her death. For this reason alone, this plea of prescription is not well founded and it is therefore overruled.
 

 Defendants finally contend that plaintiffs are estopped from claiming an undivided one-half ownership in the land by their failure, over a long period of time, to take any legal steps to protect their rights and that, by their silence, they should be held to have acquiesced in the sheriff’s sale.
 

 Counsel do not cite any authority to sustain this contention. ' As a matter of fact, the law is well settled otherwise. Mere silence and delay cannot cause loss of title to property except by the effect of the laws of prescription. Long v. Chailan, 187 La. 507, 175 So. 42; Tyson v. Spearman, 190 La. 871, 183 So. 201 and Dugas v. Powell, 207 La. 316, 21 So.2d 366.
 

 We therefore conclude that plaintiffs are entitled to be recognized as owners of an undivided one-half interest in the land. Being of this opinion, we pass on to a consideration of the reconventional demands ■of defendants.
 

 Defendant Peter Dileo asserts that he should have judgment against plaintiffs for their virile share of the paving lien notes which he and Joseph Dileo paid in full. In defense of this claim, plaintiffs plead (1) the prescription of ten years and (2) that, at all events, Peter Dileo’s claim is limited to recovery of contribution for one-half of the amount paid by Peter and Joseph Dileo, since the fact that Joseph sold his interest in the real estate to Peter did not operate as a conventional subrogation to Peter of Joseph’s right to enforce contribution.
 

 The first defense of prescription is not well founded. Although the plea would be good if this was a direct action by Peter Dileo, it is a fundamental rule of the civil law that a defendant may, by exception or answer, set up his cause of action as a defense even though it is prescribed. Article 20 of the Code of Practice provides: “He who has a right of action to claim what is due to him, has a right yet more evident to use the same cause of action as an exception, in order to preserve his rights.”
 

 Thus, in the case at bar, while plaintiffs are entitled to have their undivided ownership in the property recognized, Peter Dileo should have contribution from them for their virile share of such sums as paid out by him in liquidation of the paving lien which was an obligation of all persons interested in the real estate. Otis v. Texas Co., 153 La. 384, 96 So. 1, and authorities there cited and J. B. Beaird Company, Inc. v. Burris Brothers, Limited, La.Sup., 44 So.2d 693.
 

 On the other hand, the alternative defense of plaintiffs is well taken because a conventional subrogation was not created by virtue of Joseph Dileo’s conveyance of his interest in the property to Peter. When
 
 *117
 
 Joseph and Peter paid the two paving lien notes they became subrogated, by operation of law, to claim from all persons interested in the property their virile share of the debt. Article 2161 of the Civil Code. Since Peter paid one-half of the debt, he is entitled to reimbursement from plaintiffs for one-half of their virile share. But, as above stated, he has obtained no right to claim reimbursement for the amount paid by his brother, Joseph, merely because he acquired the latter’s interest in the property. Nor may he recover 7% interest from May 30, 1930 and 10% attorney’s fees, as provided in the paving lien notes. His suit is not on the notes but for reimbursement. Hence, he is not entitled to any attorney's fees and only to legal interest from judicial demand.
 

 We next consider the reconventional demand of defendants, Christopher and Joseph Matise. They assert that their purchase of the two lots from Peter Dileo was made in good faith and that they have erected improvements thereon valued at $9,000 for which they should have judgment.
 

 Plaintiffs maintain that the Matises are not entitled to this relief because they are not good faith possessors. However, no evidence has been submitted to sustain this contention. In fact, it is apparent to us that the Matises purchased the property in good faith and placed a gasoline station thereon which, it is testified, is valued at $9,000.
 

 Under Article 508 of the Civil Code and the jurisprudence, see Venta v. Ferrara, 195 La. 334, 196 So. 550, a possessor in good faith is entitled to reimbursement, at the election of the owner, for the value of the improvements which he-has placed upon the property or for the-enhanced value of the soil. In the instant, case, plaintiffs have not indicated their choice but the parties have stipulated that,, in the event plaintiffs are condemned,, they may, by abandoning their title to the-two lots of ground in favor of the Matises,. fully satisfy any monied judgment rendered against them. And they request us to-phrase our judgment to this effect.
 

 We do not find it possible to render such-a conditional judgment as suggested by the-stipulation of the parties and, in view of the fact that there is no evidence in the record as to the enhanced value of the lots by-reason of the improvements placed thereon,, we find it appropriate to remand the case so that such evidence may be introduced, and also in order that plaintiffs may. elect whether they will keep the improvements- and reimburse the Matises for the value thereof or for a sum equal to the enhanced value of the soil. Venta v. Ferrara, supra. Moreover, the parties will be able to decide whether they desire to compromise the matter in accordance with their stipulation filed in this court.
 

 The Matises and defendant, Paul P. Lamarca, are also entitled, on the remand, to have a judgment in warranty against Peter
 
 *119
 
 Dileo for such damages and costs which they have sustained by reason of this suit.
 

 For the foregoing reasons, the judgment ■appealed from is reversed and it is now ordered that there be judgment in favor of ^plaintiffs, Anthony Dileo, Mrs. Josephine Dileo Wilberg, wife of James J. Wilberg ■and Santo L. Dileo, and against defendants, Peter Dileo, Christopher Matise, Joe Matise and Paul P. Lamarca, decreeing the ■sheriff’s sale recorded in Book 154, page •329, of the Conveyance Records of Tangipahoa Parish to be an absolute nullity and •ordering its cancellation and erasure; that plaintiffs are hereby recognized to be the ■owners of an undivided one-half
 
 (1/2)
 
 interest, in the proportion of an undivided one-fourth. (j4) interest to Anthony Dileo ■and an undivided one-eighth (%) interest each to Mrs. Josephine Dileo Wilberg and Santo L. Dileo, in and to the following described property, to-wit: A certain Square of ground with all the rights, privileges and appurtenances thereunto belonging, or in anywise belonging or appertaining, situated in the Town of Independence, Parish •of Tangipahoa, State of Louisiana, and designated by the Number Twenty-two (22) •on the plan of said Town, said Square containing ten (10) acres, more or less, and is bounded by Railroad Avenue, Pine, Second •and Third Streets.
 

 It is further ordered that there be judgment in favor of Peter Dileo and against Anthony Dileo for the sum of $461.69, with interest' thereon from judicial demand until paid; and judgment in his favor against Mrs. Josephine Dileo Wilberg for the sum of $230.85, with interest thereon from judicial demand until paid and against Santo L. Dileo for a like sum with the same interest.
 

 It is further ordered that this case be remanded to the district court for the purpose of hearing additional evidence on the reconventional demand of Christopher and Joe Matise; also on the calls in warranty of Christopher Matise, Joe Matise and Paul P. Lamarca and for such other proceedings as authorized by this opinion and consistent with the views herein expressed.
 

 The costs of the proceedings in the district court and of this appeal are to be paid by defendant, Peter Dileo, all other costs to await final disposition of the cause.