AYRES, Judge.
Plaintiff instituted this action' against his former wife, seeking a judgment decreeing him to be the proprietor in full ownership of certain real estate purchased by- him in his name during the regime of the community of acquets and gains formerly existing between' them. Defendant, a nonresident, was cited through a curator ad hoc. The case was submitted to the trial court on evidence adduced on an attempted Confirmation of default.
*348 From a judgment rejecting his demands and dismissing his suit, plaintiff has appealed to this court.
Plaintiff alleges that after he acquired the real estate of which he prayed to be recognized as the owner, the community of acquets and gains between him and his wife was terminated by judgments in separation and divorce proceedings dated more than 38 years prior to the institution of this suit; that in neither of these proceedings nor in' the judgments was said property mentioned and that defendant has never at any time claimed or accepted her interest in the com-' munity estate. It is plaintiff’s position that since defendant has never accepted the community and has made no claim, thereto for more than 30 years, “She has lost her right to claim any part of said lands,” and “That petitioner has acquired same by the operation of prescription.”
The opinion of the trial' court discloses that various deeds and documents, as well as the'proceedings and judgments in the separation and divorce proceedings, were introduced and filed in evidence and that Certain oral evidence was "adduced, none of which is contained in the transcript lodged in this court. The record, therefore, does not contain a statement of facts, assignment of errors or a note of evidence. However, where a complete summary of the facts, the conclusions based thereon and a discussion of the contentions of the parties and the law involved are contained in the trial judge’s written reasons for judgment, such written reasons may be accepted as a “statement of facts” as required by Code of Practice art. 603, when such statement is found sufficient for a determination of the questions involved. Rosen v. Shingleur, 47 So.2d 141, 144. We think the written reasons assigned by the trial judge are sufficient and adequate for a determination of the issues presented in this case.
The property, consisting of an undivided one-half interest in a tract of 15 acres, more or less, situated in Caddo Parish, Louisiana, was acquired by plaintiff in a cash deed dated in 1914. In the deed plaintiff was denominated the “husband of Mary Wendt”. The judgment of separation from bed and board was rendered between these parties in 1915 and a judgment of divorce between them rendered and signed in 1917. In none of these proceedings was any reference made to this property. On the trial of this case plaintiff testified that his wife had no knowledge of the purchase of this property. If she ever had any knowledge thereof prior to the filing of this suit, the evidence did not disclose it. According to plaintiff, he paid the taxes on the property since its purchase and had granted a lease on it. There is no evidence or showing that plaintiff or his predecessors in title ever had or exercised any physical or corporeal possession over this property.
In his written reasons assigned in this case, the trial judge stated:
“In our opinion, plaintiff’s suit should be dismissed. In the first place, the wife did not lose her right to her interest in the community property by failing to formally accept the community. Although former Article 2420 of the [LSA-] Civil Code which provided that ‘the' wife, separated from bed and board, who has not within the delays above fixed (meaning thirty days), to begin from the separation finally pronounced, accepted the community is supposed to have renounced the same,’ the Supreme Court in Phillips v. Phillips, 160 La. [813] 814, 107 So. 585 [586], held:
“ ‘Our opinion is that that article of ■the Code has been abrogated by the Act 4 of 1882 [LSA-R.S. 9:2821], allowing the wife, when the marital community is dissolved by a decree of separation from bed and board, or divorced * * * the right to accept the community under the benefit of inventory “in the same manner and with the same benefits and advantages as heirs are allowed by existing laws to accept a succession under the benefit of inventory.” ’
“This rule of the Phillips case was .approyed in Conrad v. Conrad, 170 La. 312, 127 So. 735, and again in Rawlings *349 v. Stokes, 1940, 194 La. 206, 193 So. 589.
“But, plaintiff cites and relies upon Article 1030 of the [LSA-] Civil Code which provides:
“ ‘The faculty of accepting 1 dr • renouncing a succession becomes barred by the lapse of time required for the longest prescription of the right to im-movables.’
“In construing this article, the Supreme Court, in the case of Dew v. Hammett, 150 La. 1094, 91 So. 523 [524], said-:
■ “ ‘Article 1030 of the Civil Code declares that the faculty of accepting or renouncing a succession becomes barred by-the lapse of time required for the longest prescription of the rights to immovables. And articles 940, 941 and 942, provide' that a forced heir succeeds to an inheritance at the moment of the death of his parent and without having to take steps to gain possession of the inheritance. The right of possession which the parent had continues in the legal heir, as if there had been ño interruption. In view of the foregoing codal provisions, this court was constrained, in interpreting article 1030, to say, in Generes v. Bowie Lumber Co., 143 La. 811, 79 So. 413:
“ ‘ “How can it be said, then, that a forced heir, who is vested with the right of possession of the property of the succession by operation of law and without having to accept the succession, loses ‘the faculty of accepting’ by the prescription of thirty years? * * *
“ ‘ “But the legal heir who has not renounced * * * and in whom the law has vested seizin * * * without requiring an acceptance * * * has no other right or faculty to lose by prescription than the right or faculty of renouncing.” ’
“ ‘So long, then, as the property of a succession to which a forced heir is called by operation of law has not been acquired by anyone else in some manner provided' by law, the right of recovery remains vested in him. It is an axiom that a party cannot lose his title without at the same time some other party acquiring it. We affirm the ruling in the Generes Case, supra, and the question that an heir has no other right or faculty to lose by prescription under article 1030 of the Code than the right or faculty of renouncing may be considered set at rest. To maintain the prescription of 30 years ac-quirendi causa, it is conceded that the possession must not only be continuous, peaceable, and uninterrupted, but it must, be under a. claim as owner. Gerrold v. Barnhart, 128 La. 1099, 55 So. 688; Liles v. Pitts, 145 La. 650, 82 So. 735.
“This decision in Dew v. Hammett, supra, was approved in Dileo v. Dileo, 217 La. 103, 46 So.2d 53, 56 (Supreme ■Court) and Rodriguez v. Shroder, 77 So.2d 216, 223 (Orleans Appeal, cer-•■tiorari denied by the Supreme Court, -January 31, 1955).
“Plaintiff’s next contention that he has acquired his former wife’s interest in the property by the operation of prescription is untenable. He relies upon a statement from the syllabus by the Court in the case of Schultze v. Frost-Johnson Lumber Company, 131 La. 956, 60 So. 629, that, ‘An heir who permits ,30 years to elapse without asserting any rights to a succession is barred from thereafter doing so by prescription.’
“In Dileo v. Dileo, supra [217 La. 103, 46 So.2d 56], the Supreme Court said:
“ ‘Defendants contend that plaintiffs did not accept the .succession of Santo Dileo within thirty years from his death in 1914 and therefore they must be considered to have renounced it. In support of the proposition, the case of Schultze v. Frost-Johnson Lumber Co., 131 La. 956, 60 So. 629, is cited.
*350 “ ‘The' point is not tenable. It is the firmly established jurisprudence that forced heirs do not lose by prescription their right of inheritance in failing to accept the succession within thirty years because, if they -have not renounced it, they are presumed to have accepted it. Le mort saisit le vif. Articles 940, 941, Civil Code; Generes v. Bowie Lumber Co., 143 La. 811, 79 So. 413; Bendernagel v. Foret, 145 La. 115, 81 So. 869; Dew v. Hammett, 150 La. 1094, 91 So. 523 and Tillery v. Fuller, 190 La. 586, 182 So. 683. The obiter dictum to the contrary in S duali-ze v. Frost-Johrison Lumber Co., supra, upon which -defendants depend, was based on the ruling in Succession of Waters, 12 La.Ann. 97, which was specifically overruled in Generes v. Bowie Lumber Co., supra.’ ”
However, under the facts and -circumstances of this case wherein plaintiff had concealed from his former wife the acquisition of this property as a part of the community of acquets and gains formerly existing between them, pleas of prescription, otherwise tenable, are inapplicable here.
In disposing of a plea of 30 days allowed by LSA-C.C. art. 2420, for a wife to accept the community on its dissolution by divorce, which Article was abrogated by Act 4 of .1882,.-LSA-R.S. 9:2821, and so held in Phillips v. Phillips, supra, and which was finally repealed by Act 49 of 1926, the Supreme Court, in Cuselich v. Cuselich, 159 La. 652, 106 So. 20, 21, with reference to applying the prescription directed against the wife, stated:
“It would be against good conscience, however, to apply the rule literally to a case where a husband has concealed all or a portion of the community property with the object of defrauding his wife out of her just share of said property. Fraud vitiates all things, and, whatever guise it may assume, one upon whom it had been perpetrated is not remediless when it is exposed. We must give effect to this principle in construing the codal provisions. In doing so we are bound to hold, as we do, that wherever a marriage has been dissolved by a judgment of divorce, and the. husband has practiced a fraud against his wife affecting her share of the community property, the delay within which she must accept the community does not begin to run until, said community has been restored in its integrity.”
Whether the plea of prescription is 30 day or 30 years is a matter of no importance and does not alter the principle involved. Consequently, should plaintiff’s plea of prescription otherwise possess merit, it loses its. force and effect in the face of the fraud acknowledged by plaintiff in this case.
The trial judge correctly disposed of defendant’s plea of 30 years’ acquisitive prescription. He stated:
“As pointed out in Dew v. Hammett, supra, ‘The burden of proof is on-him who pleads prescription of 30 years to show that his possession began and continued as owner and adverse to the true owner.’ In the case at bar plaintiff’s possession, which began with his purchase during the marriage and community between him and defendant, was not of the whole, but only of an undivided interest in the property. Phillips v. Phillips, supra. It so remained after the separation and divorce (there being ho evidence-to the contrary), the wife'having been seized of the right to possess her undivided half as in the case of the heir called to a succession. They were co-owners and plaintiff has failed to show adverse possession necessary to support acquisitive prescription.”
Accordingly, for the reasons herein assigned, the judgment appealed is affirmed at appellant’s cost.
Affirmed.