## No. 9104.

MRS. SALLIE C. DAY AND HUSBAND vs. THE NEW ORLEANS PACIFIC
RAILWAY COMPANY.

The burden of proof in a suit in damages for the killing of animals by a railway company rests on the plaintiff to show negligence. Stevenson's case, 35 A. 498, affirmed.

A company which is induced to build its road through certain lands, which does so, and which is permitted to run its trains regularly through the same, cannot be considered as a trespasser.

A company is not at fault for not fencing in its track, although the same runs through a pasture ground, in the absence of contract or law requiring that protection.

APPEAL from the Twelfth District Court, Parish of Rapides. Blackman, J.

White & Thornton for Plaintiff and Appellants.

Kennard, Howe & Prentiss and Andrews & Foster for Defendant and Appellee.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an action in damages for the killing by the defendant company of a jack and mule of plaintiff's on the night of November 11, 1882, the animals being valued at twelve hundred dollars. The charges are that the company had no right of way on the Experiment plantation where the accident occurred and that the injury was sustained in consequence of the negligence of the company's agents in charge of its trains and cars.

The defense is a general denial, coupled with averments of the right of the company to the use of the road, as derived from formal concession and acquiescence on the part of plaintiff's authors and herself, and the lapse of time.

From a judgment rejecting her demand the plaintiff appeals.

In the suit between the same parties for the same object, the plaintiff was non-suited, this Court holding that her supplemental petition

alleging trespass, filed on the second day of the trial and under which evidence had been adduced, should have been stricken out and no evidence admitted under it. 35 A. 694.

The present is, therefore, a new suit, incorporating as above stated the charge that the company had no right of way and was a trespasser, which the rejected petition had previously set forth.

On the trial the original testimony admitted on the first trial was introduced by consent and two additional witnesses were heard.

The killing of the animals is abundantly proved, but that it happened through the negligence or fault of the company's employees is not even presumably established.

It appears that on the night mentioned, two trains ran through plaintiff's pasture, a freight train and a passenger train. The train was running about twenty miles an hour, the fireman and the engineer at their proper place, watching, and the light in front of the locomotive burning. All at once an animal, which had not been noticed previously, jumped from one of the sides of the road upon the track, in front of the engine, and was struck and thrown aside. As the animal had not been seen, it could not have been frightened off and the train could not have been slackened.

The other animal was killed during the same night, but earlier. The night was dark; there was no fog, however. The lights were burning on the locomotive, which had whistled and stopped, probably both at the same time, as far as practicable.

Nothing shows that the accidents could have been prevented. The burden was upon the plaintiff, in both cases, to *prove* negligence on the part of the company. We have thus held in the case of Stevenson, 35 A. 498, and see no reason to depart from the ruling there made on the question of *onus*.

Plaintiff's main and ostensible hope for recovery seems to be based upon the assumption of a legal presumption of fault and negligence on the part of the defendant company, arising from the fact that it was a *trespasser* on plaintiff's lands and should have fenced in its tracks running through the pasture grounds where the animals killed were kept and grazed.

The plaintiff earnestly insists upon the weight of the ruling of the Supreme Court of Minnesota (18 Minn. 434) to show that the company, being a trespasser, is *prima facie* liable; but that was a case in which the company had commenced to expropriate and had not been invited, encouraged and permitted to build its road and run its trains; in other

words, had not obtained any voluntarily conceded right of way, formal or implied.

The Court, nevertheless, there distinctly said: "If, indeed, the company was there by plaintiff's consent, by his leave, it was no trespass, no injury to plaintiff. * * * We do not think the defendant proved the license set up."

In the Vermont case (33 Vt. 314), the Court said that, if the plaintiff had given the company, by express assent or silence, to understand that he did not intend to object to its proceeding with its construction and operation, he could stop neither the work nor the trains.

In the case specially invoked (Minnesota), the fact that the company had commenced proceedings to expropriate repels the idea that the plaintiff had given the authority, or that he had acquiesced in their right of way, and leaves no room for conjecture that if such right had been clearly conceded the matter would not have gone to law.

It is abundantly established by the evidence in the case before us, which was not considered in this Court when the first suit was tried, that the road-bed of the defendant company on which the accidents complained of have occurred, was laid and graded, in other words was *built*, with the authority, nay, at the instance, of plaintiff's father, who owned the land at the time and who imposed no restriction on the privilege allowed; further, that since his death, which took place in 1880, tracks have been laid and trains run through the same land to the knowledge and without any objection on the part of the plaintiff and of her legal representatives or agents.

Those circumstances are amply sufficient to clear the defendant company from the charge of trespass preferred against it.

The authorities on this point are indisputable. See St. Julien vs. Morgan's R. R. Co., 35 A. 924; also, Bourdier & Bellesein vs. Morgan's R. R. Co., 35 A. 947; Kanaya vs. St. Louis, L. & D. R. R. Co., October, 1882; Reporter XV, No. 7, pp. 213, 214; Mathews vs. St. Paul & S. C. R. R. Co., 18 Minn. 434; 33 Vermont, 314.

As to the other ground, that the company is at fault for not fencing in its track, the authorities likewise show it to be untenable. 15 A. 105; 23 A. 154; 35 A. 499, 696.

The district judge concluded rightly in setting the differences of the litigants forever at rest by a final decree.

Judgment affirmed, with costs.

---

Manning, J., dissents from the approval of the decision in the Stevenson case, and assents to the principle announced in the St. Julien case.