No. ——
First Circuit

---

### MIDKIFF v. LONG-BELL LUMBER CO.

---

(Jan. 5, 1928.   Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest — Timber — Par. 15; Prescription—Par. 110.

Article 3537 of the Civil Code, as amended by Act No. 33 of 1902, makes prescription of one year begin from the date

that owner of timber saw defendant fell it on his land even though at that time the owner did not know that the timber belonged to him, the boundary having been thereafter determined by a survey.

2.  **Louisiana  Digest — Prescription — Par. 110.**

The burden of proof is on the plaintiff seeking to bring himself within the exception found in Article 3537 of the Civil Code, as amended by Act No. 33 of 1902, which provides for the running of the prescriptible period of one year from the date of knowledge received by the owner.

Appeal from Beauregard Parish, Hon. Thos. F. Porter, Judge.

Action by W. Arthur Midkiff against Long-Bell Lumber Company.

There was judgment for defendant sustaining plea of prescription and plaintiff appealed.

Judgment affirmed.

Ped C. Kay, De Ridder, attorney for plaintiff, appellant.

F. E. Powell, DeRidder, attorney for defendant, appellee.

MOUTON, J.    Plaintiff and defendant company were owners of contiguous timber lands.    In 1923, defendant company felled some timber, thinking at the time that it was being taken from its property. Plaintiff saw when this timber was cut, but was likewise-under the impression that it was being removed from the premises of the company.  In 1926, three years after this timber had been cut, a survey was made to establish the boundary line between these two adjoining tracts.    It was then discovered, as a result of the survey, that the timber had been taken from a small strip of the land which was within the boundary lines of the plaintiff.    Thereafter, in 1927, plaintiff brought this suit against defendant company for the value of this timber.

Defendant interposed the plea of prescription of one year to the demand of the plaintiff, which was sustained below. Plaintiff appeals.

Article 3537 of the Civil Code provides for the prescription of such actions in one year from the day the damages "are sustained".    Under the terms of this article, it is manifest that prescription had accrued when the suit was brought more than three years from the date of the damage. Plaintiff seeks relief under Act 33 of 1902, which amends the article of the Code above cited, as follows:  "And when land, timber or property has been injured, cut, damaged or destroyed, from the date knowledge of such damage is received by the owner thereof".    It is on a proper application of this amendment to the facts, that this case turns.

Plaintiff contends that when the boundary line was fixed by the survey, he discovered that the timber had been removed from his land.  He says, that it was from the time of this discovery through the survey, that he received knowledge of the damage he had suffered.    As the survey was made in 1926 and the suit of the plaintiff was instituted within one year from that date, he contends that the prescription of one year had not yet accrued.

The amendment says: that the action is prescribed in one year from the "date knowledge of such damage is received by the owner" of the property.    It is obvious, that the burden of proving the date on which the owner received this knowledge could not be imposed on the defendant in a case of this character.  It is plaintiff who is seeking to bring himself within the exception found in the amendment, which provides for the running of the prescriptible period from the date of knowledge received by the owner, and the burden rests upon him to sustain this defense. Citizen's Bank vs. Jeansonne, 120 La. 393,

45 South. 367; Erwin vs. Lee Lumber Co., 163 La. 191, 111 South. 673.

It will be observed that prescription under Act 33, of 1902, begins to run from the date of the "knowledge" of the "damage" received by the owner and not from the time he ascertains his claim to the ownership of the property injured or damaged. Short periods of prescription are usually provided for claims in damages and such like, and it is not to be presumed that the Legislature intended to permit an indefinite time for the claimant to establish his boundaries or his title of ownership. To so hold, would be to give a liberal construction to the amendment for the benefit of plaintiff, who is claiming the privilege of an exception which was added to the general rule of prescription found in Article C. C. 3536. A party claiming the benefit of an exception is not entitled to a latitudinal interpretation of a statute covering such exception. The law favors the vigilant, and cannot extend relief to a party, who, after seeing the trespass or damage committed on his premises, allows the prescriptible period to elapse before asserting his rights for recoupment, if any he has.

The plea of prescription was properly maintained.