The Sewerage and Water Board of New Orleans, the defendant, has appealed from a judgment rendered by the First City Court of New Orleans in plaintiff's favor for $282.50. Plaintiff, claiming to be the owner of Lots 2 and 7 in Square 7 of Genoa Plaza Subdivision, Third District of New Orleans, sued to recover the sum of $82.50 for the use and occupancy of said two lots, alleging that defendant had taken possession thereof. Plaintiff also seeks to recover the sum of $200.00 for a tree which he alleges defendant cut down and removed from Lot 7.
Defendant's contention is that because of its long and uninterrupted use of the land it has acquired a servitude thereon under the articles of the Revised Civil Code, art. 765
et seq., which create and regulate prescriptive servitudes.
The facts of the case are these: The Fair Grounds Drainage Canal, which was an open canal, had been in existence and operation for more than one hundred years. It ran through plaintiff's property. About July, 1948, the Sewerage and Water Board, in an endeavor to improve drainage in the vicinity, commenced work to modernize the canal by lining its bottom and sides and by covering the top with concrete. Earth was placed over the top and around the sides, and the canal is entirely below the surface of the ground.
Plaintiff maintains that the defendant is indebted unto him for the use and occupancy of his said land from July 1, 1948, to December 15, 1948, at the rate of $15.00 per month, which he claims is a reasonable price therefor. He asks a total of $82.50 for this item. Plaintiff alleges also that the tree which was cut down and removed from Lot 7 was worth $200.00.
The record shows that plaintiff acquired title to the lots on June 19, 1947, at a public sale made by the Civil Sheriff for the Parish of Orleans in accordance with the provisions of Act No. 237 of 1924, as amended. Plaintiff denied that there was an existing canal on his two lots when he acquired them, but admitted, however, that *Page 272 
he saw what he considered to be a ditch thereon. He testified that shortly afterwards the Sewerage and Water Board entered the lots without his permission, erected the canal, and felled and removed the tree.
The canal in question has always constituted a vital link in the drainage system of New Orleans. Plaintiff made no opposition to the entry of the Sewerage and Water Board on the property, but on the contrary he seems to have acquiesced in the actions of the Board. His suit for recovery of the value of the use and occupancy of the lots, it seems to us, is a complete approval of defendant's action in running and maintaining the canal through the property.
The Sewerage and Water Board was established by Act No. 6 of the Extra Session of 1899. That act merged with the Sewerage and Water Board its predecessor, known as the Drainage Commission of New Orleans, which had been created by Act No. 114 of 1896. The Sewerage and Water Board is specifically charged with the operation and maintenance of the drainage system in New Orleans, and is clothed with full power to expropriate any property convenient or necessary for such public work.
Under these circumstances, we are fully warranted in applying in defendant's favor the well established doctrine of acquisition of a servitude by unopposed use for a public purpose. Plaintiff has no right in law to collect "rent" from defendant.
In the early case of St. Julien v. Morgan's Louisiana T. R. Co., 35 La. Ann. 924, the plaintiff sought recovery of $1.00 per day for the use of a strip of land by the defendant for railroad purposes. The claim was rejected. The Court said:
"Having thus permitted the use and occupancy of his land and the construction of a quasi public work thereon without resistance or even complaint, he cannot afterwards require its demolition, nor prevent its use, nor treat the Company erecting it as his tenant. He is not debarred from an action for damages by reason of the taking of the land and for its value, but having acquiesced in the entry and encouraged if he did not invite it, he cannot afterwards affect to treat it as tortious. Considerations of public policy, not less than the suggestions of natural justice, require that in such case the owner shall not be permitted to reclaim his property free from the servitude he has permitted to be imposed upon it, but shall be restricted to his right of compensation.
* * * * * *
"The complaint is that the company entered the lands without the owner's consent, without buying or offering to buy, or expropriating them, and that it should not expect nor be permitted to use his property without some compensation, but should be prohibited from trespassing upon it, and he claims therefore one dollar per day for its use. The suit is of a nondescript, or rather hybrid character, but it is substantially a demand for rent, which we do not think he can maintain but must be remitted to his action for compensation."
The Gumbel v. New Orleans Terminal Co., 186 La. 882,173 So. 518, 520, the plaintiff instituted a petitory action against the New Orleans Terminal Company to be declared the owner of a square of ground upon which had been located for a period of thirty years or more, the tracks of the defendant company. The defendant claimed the right of servitude for its tracks, pleading thirty years prescription, and that as a public utility having the right of eminent domain it had acquired a servitude for railroad purposes across the square of ground by actually constructing tracks on the property and maintaining and using them for many years in its operation as a public utility, to the knowledge and with the consent and acquiescence of the plaintiff and his authors in title. The Court, in dismissing plaintiff's suit, after citing part of the above quoted language from St. Julien v. Morgan's Louisiana T. R. Co., said:
"The doctrine is also recognized and applied in the following cases, viz.: Bourdier v. Morgan's Louisiana T. R. Co., 35 La. Ann. 947; Day v. New Orleans Pac. Ry. Co., 36 La. Ann. 244; Lawrence v. Morgan's Louisiana T. R. S. S. Co., 39 La. Ann. 427, 2 So. 69, 4 Am.St.Rep. 265; St. Julien *Page 273 
v. Morgan's Louisiana T. R. S. S. Co., 39 La. Ann. 1063, 3 So. 280; Mitchell v. New Orleans N.E. R. Co., 41 La. Ann. 363, 6 So. 522; Payne v. Morgan's Louisiana T. R. S. S. Co., 43 La. Ann. 981, 10 So. 10; Lindner v. Yazoo M. V. R. Co., 116 La. 262, 40 So. 697; McCutchen v. Texas P. Ry. Co.,118 La. 436, 43 So. 42; Taylor v. New Orleans Terminal Co.,126 La. 420, 52 So. 562, 139 Am.St.Rep. 537; Moore Planting Co. v. Morgan's Louisiana T. R. S. S. Co., 126 La. 840, 53 So. 22; Brewer v. Yazoo M. V. R. Co., 128 La. 544, 54 So. 987; Pons v. Yazoo M. V. R. Co., 131 La. 313, 59 So. 721; Louisiana Land Co. v. Blakewood, 131 La. 539, 59 So. 984; Roussel v. New Orleans Ry. Light Co., 152 La. 517, 93 So. 758.
"And the application of the doctrine is not dependent upon the lapse of any specific prescriptive period and even a brief period of occupancy and use of the property by a public utility, with the knowledge, consent, or acquiescence of the landowner, will suffice to effectuate the doctrine in favor of the utility.
"Thus, in Moore Planting Company v. Morgan's Louisiana T. Railroad S. S. Company, 126 La. 840, at page 872, 53 So. 22, 33; this court said:
" 'These decisions (holding that a railroad which has gone into possession without title, but without opposition, and is in operation cannot be ousted by the owner, but has the right to continue in possession), be it noted, are not founded upon any law of prescription. The proof of this lies in the fact that the railroad is maintained in possession even though it has been in operation less than the shortest time required for prescription. Those decisions are founded upon the combined presumed consent of the owner of the land and the public interest. The owner of the land is presumed to have yielded, without an expropriation suit having been brought against him, what an expropriation suit would have compelled him to yield.'
"And in St. Julien v. Morgan's Louisiana T. Railroad S. S. Company, 35 La. Ann. 924, at page 926, this court said:
" 'Slight acts of acquiescence on the part of the owner will estop him from interfering with the running of a railroad. He will not be deprived of his claim for damages, or his right to enforce it in all proper modes, but if he has, in any sense, for the shortest period, clearly given the corporation, either by his express consent or by his silence, to understand that he did not intend to object to their proceeding with the construction and operation, he cannot, on non-payment of compensation, maintain ejectment.'
* * * * * *
"The decisions in the St. Julien and subsequent related cases establish a method of creating a servitude not found in any article of the Civil Code covering servitudes. Since this method of creating a servitude (by unopposed use and occupancy) is extra-codal, plaintiff's argument based on the codal articles creating, regulating, and extinguishing servitudes is not appropriate.
"In view of our conclusion that plaintiff's property is subject to a servitude in favor of defendant for railroad purposes, arising from unopposed use and occupancy, it becomes unnecessary for us to pass on defendant's pleas of prescription and claim to a servitude by destination." See also Gumbel v. New Orleans Terminal Co., 190 La. 904, 183 So. 212.
It is clear, therefore, that under the well established jurisprudence of the state, plaintiff herein cannot treat the Sewerage and Water Board as his tenant. If plaintiff has any claim against the defendant, the rule of recovery would limit it to such compensation and damages as he would have recovered in an expropriation suit instituted and conducted pursuant to law. Also see Gumbel v. New Orleans Terminal Co., 197 La. 439,1 So.2d 686.
Insofar as the cutting down and removal of the tree from Lot 7 is concerned, we believe that in the interest of orderly procedure a judgment of nonsuit would be proper, for a court should not be called upon to decide a case in fragments or piecemeal.
It is ordered, adjudged, and decreed that the judgment appealed from be reversed; plaintiff's claim for the value of the use and *Page 274 
occupancy of the land by defendant is dismissed; and the claim for the alleged cutting down and removal of the tree is dismissed as in the case of nonsuit. All costs are to be paid by the plaintiff.
Reversed.
REGAN, J., recused; takes no part.