McBRIDE, Judge
(concurring).
I concur in the decree. The question is not whether his assent to the continuance of operations by the City of New Orleans on the property constituted an intention on Doll’s part to waive his claim, for I believe he had no claim to waive.
From Doll’s permission to the progress of the work pending the formal act of sale, there flowed in favor of t'he city an extra-codal servitude for public purposes on the property. It would not lie in Doll’s mouth to say that the city owed him for the use of the lot, and as a corollary, I cannot understand how he had any claim against the contractor, who merely represented the city in going upon the property.
It is well settled in this state that where an owner permits the use and occupancy of his land for the construction of a public or quasi-public work thereon, without resistance or complaint, he cannot afterward require the demolition of the work, nor prevent its use, nor treat the body erecting it as he would a tenant. See St. Julien v. Morgan’s La. & T. R. Co., 35 La.Ann. 924; Moore Planting Co. v. Morgan’s La. & T. R. & S. S. Co., 126 La. 840, 53 So. 22; Gumbel v. New Orleans Terminal Co., 186 La. 882, 173 So. 518; Gumbel v. New Orleans Terminal Co., 197 La. 439, 1 So.2d 686; Doll v. Sewerage & Water Board of N. O., La.App., 43 So.2d 271.
If this rule is to be applied where an owner tacitly permits the use of his land, it must also hold true in a case where the owner affirmatively consents that the public work might be done on the property.
In either event, in my opinion, the owner is entitled only to what an expropriation suit would have brought 'him, that is to say, damages by reason of the taking of the land and for its value. Once having consented to the entry, either impliedly or in fact, the owner cannot afterward maintain a claim for the use and occupancy of his property.