LOTTINGER, 'Judge.
This is a suit for damages for the reasonable value of the use and occupancy of petitioners’ property to the date of filing of this suit, and for rental from the date of filing of this suit as long as defendant occupies said property, and for costs. The judgment below awarded damages to petitioners in the sum of $1,300, with interest thereon at the legal rate from the date of judicial demand until paid, and for costs. The defendant company took a suspensive appeal to the Supreme Court, which removed the appeal to this court because it lacked jurisdiction, the amount in dispute being less than the jurisdictional amount of the Supreme Court.
The demand by petitioners is for damages in the sum of $3,200, with legal interest thereon from date of judicial demand until paid, and for $125 per month rental from the date of filing suit so long as defendant shall occupy the petitioners’ property.
The defendant, a public utility company operating electrical transmission lines, during the year 1936 constructed a transmission line alone the east side of Lake Street. At the time the plaintiffs owned Lot 6 of Block 6 of the Barbe Addition to the City of Lake Charles, which abuts Lake Street on the east but which was not then within the corporate limits of the city. At the time said transmission line was erected by the defendants, the defendant had a franchise from the Police Jury of Calcasieu Parish granting them a right-of-way for such lines along the .highways within the parish, which included Lake Street.
In constructing the transmission line along Lake Street, the engineers of the defendant surveyed their line and set four particular poles on what they considered the right-of-way, one foot outside of plaintiffs’ property. All parties concerned were of the opinion that the poles were properly set on the highway right-of-way, with the possible exception of Mrs. Maxfield, one of the plaintiffs herein, who testified that she thought the line might have encroached upon their property, but that she was not sure of said encroachment until the survey was made in 1949.
During the year 1949, the property of plaintiffs was surveyed and it was then discovered that, instead of the poles being set on the highway right-of-way, four of the poles were on the plaintiff’s property; the first, one foot east of the property line, the second two feet three inches east of the property line, the third, two feet eleven *616 inches east of the property line and the fourth, three feet seven inches east of the property- line. Plaintiff’s property has a frontage of 1023.5 feet on Lake Street and the line traverses the entire front. The plaintiffs filed suit within one year after the discovery that these poles were actually set on their property.
Defendants first filed a plea of prescription'of one, three and ten years as a bar to this suit, which was referred to the merits. Defendant then filed an answer admitting the encroachment but maintaining that the servitude of right-of-way had been acquired by open, adverse and notorious possession for a period of over fen years. The answer further admits that the poles were accidently set upon plaintiffs’ property and so remained without the knowledge of either the plaintiffs or defendant until the spring of 1949.
The lower court gave judgment in favor of plaintiffs, holding the servitude in question to be a discontinuous-apparent one and not susceptible to prescription acquirendi causa. The defendant has taken this appeal.
The defendant, as stated above, has filed a plea of liberative- prescription of one, three and ten years. The liberative prescription of one year is found in LSA-C.C. Article 3536 and LSA-C.C. Article 3537. There might be some question as to whether the case at bar is controlled under the one year liberative prescription articles as above referred to and as to whether the plaintiffs in this case are entitled to claim the benefit of the provision in LSA-C.C. Article 3537, which is as follows:
“The prescription mentioned in the preceding article runs: * * * And where land, timber or property has been injured, cut, damaged or destroyed from the date knowledge of such damage is received by the owner thereof.”
Assuming for the sake of argument that this case is governed under the one year liberative prescription articles, and that the plaintiffs are entitled to take advantage of the provision as found in Article 3537, we are still of the opinion that the claim in the case at bar is prescribed.
In Midkiff v. Long-Bell Lumber Co., 7 La.App. 393, the plaintiff and the defendants were owners of contiguous timber lands. The defendant felled some of the timber, thinking at the time that it was being taken from its property. Plaintiff saw when the timber was cut, but was likewise under the impression that it was being removed from the premises of the defendant. Three years after, the timber had been cut, a survey was made to establish the boundary line between the two adjoining tracts and it was then discovered for the first time' that the timber had been actually taken from that part of the land that belonged to the plaintiff, who then brought suit against the defendant for the value of, the timber.
The defendant filed a plea of prescription of one year and the court held that the plea was good. The court said that since Article 3537 of the LSA-Civil Code, provides for the prescription of such action in one year from the date of damages sustained, and since Act 33 of 1902, which was the act amending Article 3537, provides that prescription for damages for the cutting of timber begins.to run from the date of knowledge of the damage received by the owner and not from the time he ascertained his claim to the ownership of the property which was damaged, the action was prescribed. In making this holding, the court said “The law favors the vigilant, and can not extend relief to a party, who, after seeing trespass or damage committed on his premises, allows the prescriptible period to elapse before asserting his rights for recoupment, if any he has.”
Furthermore, the Supreme Court, in the case of Poirier v. Burton-Swartz Cypress Company, 127 La. 936, 54 So. 292, 295, made identically the same holding as did the Court of Appeal, on identically the same facts. Like the plaintiff in the case of Midkiff v. Long-Bell Lumber Co., supra, Poirier knew when the timber on the land was cut, but he did not actually know where the boundary line was and that the timber *617 was on his land until some years later. Referring to these facts, the court said:
“It is plain that, under the foregoing circumstances, Michel Poirier was put upon inquiry, and that,,' if he remained in ignorance of the fact ,that it was on his land that the timber was being cut, it was through his own fault in failing to take the proper steps to inform himself.”
In the case at bar, all of the plaintiffs were residents of Lake Charles at the time that this line was installed on their property in 1936, and all of them had been approached to sell a servitude across their property, which they refused to grant, they doubtless knew when the line was actually installed. As a matter of fact, it is stipulated in the record that the plaintiffs knew at the time when the pole line was built and made no complaint about the pole line until the summer of 1949, the date alleged in their petition. See also the cases of Urania Lumber Co., Ltd., v. Powers & Critchett Lumber Co., La.App., 166 So. 192; and Mayer v. Ford, La.App., 12 So.2d 618; and Liles v. Producers Oil Co., 155 La. 385, 99 So. 339. Therefore, if the one year liberative prescription articles are applicable to the case at bar, we are of the opinion that the plaintiffs cause of action has prescribed.
However, if the case at bar is not controlled by the one year liberative prescription articles as hereinabove referred to and the jurisprudence herein cited, we think at least that it would come under and be controlled by LSA-C.C. Article 3544, providing the ten year liberative prescription, which is as follows, to-wit:
“In general, all personal actions, except those before enumerated, are prescribed by ten years.”
That the defendant corporation is a public utility, with the right of expropriation under the laws of our state, is without question. The action of plaintiffs, therefore, resolves itself into one for the value of the land used and for damages to their adjacent land. In McCutchen v. Texas & P. Ry. Co., 118 La. 436, 43 So. 42, 43, which was a suit to recover a strip of land, of which defendant was in possession, or in the alternative to recover its value, the court stated as follows :
“Having allowed the defendant, or its predecessor, to enter and build its road upon the land in question, and to operate such road for more than 20' years, it is now too late for plaintiff, or his authors, to reclaim the property free of the servitude, or to interfere with the further operation of the road. [Jefferson & L. P.] Railroad Co. v. City [of New Orleans], 31 La.Ann. 478; St. Julien v. [Morgan’s Louisiana & T.] Railroad Co., 35 La.Ann. 924; Bourdier & Bellesein v. [Morgan’s Louisiana & T.] Railroad Co., 35 La. Ann. 947; Day v. [New Orleans Pac.] Railroad Co., 36 La.Ann. 244; Lawrence v. [Morgan’s L. & T.] Railroad Co., 39 La.Ann. 427, 2 So. 69, 4 Am. St.Rep. 265; St. Julien v. [Morgan’s L. & T.] Railroad Co., 39 La.Ann. 1063, 3 So. 280; Mitchell v. [New Orleans & N. E.] Railroad Co., 41 La. Ann. 363, 6 So. 522. The right of the plaintiff, if any he had, would resolve itself into an action for the value of the land used and for damages to his adjacent land, in either case a personal action, barred by the prescription of ten years. [LSA-] Civ.Code, art. 3544.”
In Brewer v. Yazoo & M. V. R. Co., 128 La. 544, 54 So. 987, another case similar to the present 'one, the court held the action barred by liberative prescription of ten years.
In the instant case, the plaintiffs knew that the line was constructed in 1936. There was no fraud or concealment on the part of the defendant. The plaintiffs just. did not know or realize, however, that the line encroached upon their property until they made a survey in 1949. They could have discovered this sooner by the exercise of diligence. Therefore, under the circumstances, the taking and damage took place in 1936, and they permitted the line to remain, without saying a word of protest until 1949, and in March 18, 1950, this suit was brought.
*618 Therefore, under the holdings in the above cases and Article 3544 of the LSA-' Civil Code, we are of the opinion that the plaintiffs’ cause of action has prescribed. We are therefore of the opinion that if the case falls under the one year liberative prescription articles, that the cause of action has prescribed and are likewise of the opinion that if the case falls under the ten year liberative prescription article, that it is likewise prescribed. Because of our opinion on the question of liberative prescription, it becomes unnecessary to consider the question of acquisitive prescription, or the question as to whether the servitude is continuous or discontinuous.
For the reasons assigned, the judgment of the lower court is reversed, and there is judgment in favor of defendant, dismissing plaintiffs’ claim, all costs to be paid by plaintiffs.
Judgment reversed.