### Henry S. DILIBERTO, Jr.

### v.

### CONTINENTAL OIL COMPANY et al.

### Civ. A. No. 12971.

United States District Court
E. D. Louisiana.

April 9, 1963.

864

---

Pat F. Bass, John Sidney Brown, Jr., New Orleans, La., for plaintiff.

James D. Rives, Jr., New Orleans, La., for Continental Oil Co.

D. Douglas Howard, New Orleans, La., for Firestone Tire & Rubber Co.

FRANK B. ELLIS, District Judge.

Prior to the addition of a statute of limitations to the federal anti-trust laws, 15 U.S.C.A. § 15b, when reference was made to the applicable state statute of limitations in federal anti-trust cases, Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, the Louisiana statute of reference used in Louisiana federal courts was LSA–C.C. Art. 3536, being the one-year prescriptive period for offenses and quasi-offenses. Delta Theatres v. Paramount Pictures, E.D.La., 158 F.Supp. 644; Don George, Inc. v. Paramount Pictures, Inc., W.D.La., 145 F.Supp. 523; Bonvillian v. American Sugar Refining Co., D.C., 250 F. 641. The one case with indications to the contrary, Don George, Inc. v. Paramount Pictures, Inc., W.D.La., 111 F.Supp. 458, did not decide the question and referred it to the merits. Moreover the position taken in that decision was specifically repudiated by the District Judge presently sitting who re-examined the question in the same case at a later date. Don George, Inc. v. Paramount Theatres, W.D.La., 145 F.Supp. 523. The Louisiana anti-trust statutes are essentially copies of the federal statutes with regard to the creation of a cause of action. Compare LSA–R.S. 51:122, 51:123, 51:124 and 51:137 with 15 U.S.C.A. §§ 1, 2, 13(a–f), and 15. See also Reporter's Notes, West's La.R.S. Vol. 27, Part IV, P. 396.

The sound prior analysis, by the federal courts of this state, of the anti-trust cause of action as delictual under the federal statutes does not warrant re-examination. The similarity of the Louisiana statute to the federal statute "after which our state statutes have been fashioned" Reporter's Notes, supra, strongly suggests that the proper Louisiana prescription is also Art. 3536.

The question is foreclosed by the Louisiana Supreme Court's decision in Loew's Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553, which affirmed a dismissal of a reconventional demand under the Louisiana anti-monopoly statute on the grounds of one-year prescription under Art. 3536. Plaintiff's argument that its cause of action arises out of the lease contract with Conoco and thus is prescribed within ten years, LSA–C.C. Art. 3544, is without merit. Jurisdiction in this court is premised on diversity of citizenship, 28 U.S.C.A. § 1332, and the cause of action is limited to the state remedy, i. e. the Louisiana anti-monopoly statute, LSA–R.S. 51:121 et seq. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. The same argument under the same statute was answered and dismissed by the Louisiana Court in Loew's Inc. v. Don George, Inc., supra, 237 La. 132, 110 So. 2d at 559–560. Plaintiff's cause of action has prescribed under state law which is controlling. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079.

For the written reasons assigned,

It is ordered, adjudged and decreed that summary judgment be granted in favor of Conoco Oil Co. and Firestone Tire & Rubber Co. and against Henry S. Diliberto, and that the action be and the same is hereby dismissed.