On Rehearing.
MOISE, Justice.-
Because of the pronouncement in the per curiam in the suit of Tillery v. Fuller, 190 La. 586, 182 So. 683, a rehearing was granted in this case restricted to the application of Article 977 of the LSA-Civil Code to the interest of Sallie Skinner, her successors and transferees in the succession of her father, Tillman Skinner. There seems to be a conflict in the two decisions, and- the jurisprudence must be stabilized if practicable and possible. The facts are correctly stated in the original opinion, and we will -revert to them only to apply the law.
Tillman Skinner died in 1863 when Sallie was a minor about one year old. Martha. Skinner, mother of Sallie, died in 1889 at which time Sallie was a major. The property in contestation was purchased in 1857 during the existence of the community of acquets and gains between Sallie’s mother and father. Sallie married E. W. Mitcharm in 1880, leaving the family home and never making any claim for the land. Sallie’s. brother, Calvin D. Skinner, remained oru the land, cultivating it, paying the taxes, as owner, and being regarded as the owner in the community in which he lived.
A concursus proceeding was brought by Roy Lee, trustee of the Hassie Hunt Trust. Prescription of thirty years was pleaded against the heirs and transferees of Sallie Skinner Mitcham who were claimants together with the heirs and transferees, of Calvin Skinner in the proceedings.
The holding of our original opinion was that: The plea of prescription of thirty years was good with respect to the Succession of Martha Skinner, Sallie having been a major at the time of her mother’s death and never having accepted her succession, Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437, and that the plea of prescription of thirty years was not good with respect to the succession of her father, Tillman Skinner, because of the letter of the law, Article 977 of the LSA-Civil Code which reads:
“No one can be compelled to accept a succession, in whatever manner it may have fallen to him, whether by *246 testament or the operation of law. He may therefore accept or renounce it.
“It shall not be necessary for minor heirs to make any formal acceptance of a succession that may fall to them, but such acceptance shall be considered as made for them with benefit of inventory by operation of law, and shall in all respects have the force and effect of a formal acceptance.”
In the case of Sun Oil Co. v. Tarver, 219 La. 103, 52 So.2d 437, we were dealing with the estate of a greatgrandparent, Henry Eaton. The property involved was purchased in 1887. Henry’s son, Neal, died in 1896, leaving issue. The heirs of Neal’s son Willie were before the Court. Henry Eaton died in 1903 at which time his grandson Willie, son of Neal, was a major. Willie did not accept the estate of his grandfather and died in 1932, 29 years after his grandfather’s death. Willie left descendants who were the greatgrandchildren of Henry Eaton. With respect to the claims of these children to the estate of their greatgrandfather, we held, that since Willie was a major at the time of his grandfather’s death and did not accept the succession, his children’s claims would be open to the plea of thirty years prescription. We held that such prescription accrued as to each of Willie’s heirs one year after each arrived at his majority.
There we were concerned with an interpretation af Article 1030 of the LSA-Civil Code reading:
“The faculty of accepting or renouncing a succession becomes barred by the lapse of time required for the longest prescription of the rights to immovables.”
The prescription mentioned in the above article is that of thirty years. In the Sun Oil case, supra, we held that the above prescription could only be plead by coheirs and their transferees who had accepted the succession, or by the succession against a forced heir. This ruling seems to be unpretentious' and unassailable.
In Tillery v. Fuller, 190 La. 586, 182 So. 683, 709, we stated in a per curiam on application for a rehearing:
“In their applications for a rehearing, Mrs. Pearl Smith Tillery and Mrs. Lelia Spearman Buchanan, for herself and as tutrix for the minor child, Velma Aliene Lowery, contend that the judgment rendered against them sustaining the plea of prescription of thirty years under article 1030 of the Civil Code, is not consistent with the provisions of articles 352 and 977 of the Civil Code. The latter articles declare that it is not necessary for a min- or heir to make a formal acceptance of a succession, because the acceptance is considered as made for the minor, with benefit of inventory, by mere operation of law, and has the same effect that a formal acceptance has. These articles, when read in connection with article 1030 of the Civil Code, mean merely *248 ■that the;' law protects -the rriinor heir, during his or her minority, against the ■consequence of a failure to formally accept the succession. But, when the minor arrives at the age of majority, he has only, thirty years from that time in which to accept the succession, or his failure to accept will inure to the benefit of. any coheir or coheirs who may have accepted, or of any heir next in degree who may have accepted, by going into possession of the estate. * * * We adhere to our opinion that the prescription of thirty years against the right of an heir to elect whether to accept or renounce a succession is only suspended during the minority of the heir, and commences to accrue when the minor reaches the age of majority. Article 1007 of the Civil Code, which provides that, if a person who is entitled to an inheritance dies before having expressly or- tacitly accepted or rejected it, his heir shall have the right to accept it under him, is not in conflict with our opinion that the prescription of thirty years against the right of an heir to elect whether he will accept or reject the succession is only suspended during the minority of the heir, if the heir be a minor at the time when he becomes an heir.”
The logic of a decision must not stand paralyzed in the presence of mistake, and if we know what everybody knows, then we have knowledge that the waters of the river must reach the sea; that a bird at sometimes must fold its wings; that a journey must come to an end; and, it is impossible to find in the jurisprudence a judge free of mistake. .
The per curiam, quoted above, is in the very teeth of the plain letter of the LSA-Civil Code, Article 977, for the reason that if the acceptance for the minor as described in this article constitutes a formal acceptance, how could such acceptance, which is already made, be suspended? There is nothing remarkable in a blunder or praiseworthy in stubbing the toe of the mind against a mistake.
We are now referred to the following cases: Generes v. Bowie Lumber Co., 143 La. 811, 79 So. 413; Bendernagel v. Foret, 145 La. 115, 81 So. 869; Harang v. Golden Ranch Land & Drainage Co., 143 La. 982, 79 So. 768; Schreiber v. Beer’s Widow and Heirs, 150 La. 676, 91 So. 149; Dileo v. Dileo, 217 La. 103, 46 So.2d 53; Barnsdall Oil Co. v. Applegate, 218 La. 572, 50 So.2d 197. We have studied these cases in detail, and an analyses would only lead to a medium of confusion.
“A few think for themselves; the many follow what has gone before.” The contention is made that if we do not follow the per curiam in the case of Tillery v. Fuller, supra, we are doing violence to the Louisiana rule of property. Our common-law brothers have the rule of stare decisis. Such does not prevail in Louisiana. Each case must stand or fall on its own facts. *250 Our rule of property is hard to define and difficult to determine.
In the instant case, the law is protecting the rights of a minor by accepting the succession for her. No harm can be done because she has a right to renounce when' she arrives at majority. This right to renounce exists for thirty years.
Louisiana’s rule of property admits of many exceptions. The principal one is where the former determination (as here) is evidently contrary to the plain provisions of the law. But even in that case (as here) subsequent judges do not pretend to make a new law, but they reinstate the article of the Code as written.
“Innovations on settled law are to be avoided. Yet the mere lateness of time at which a ruling has been established is not a strong argument against its soundness. A retention of a mistake is as turbulent in law as an innovation.”
For the reasons assigned, the original judgment of this Court is reinstated as the final judgment of this Court.
On Rehearing.