AYRES, Judge.
Plaintiff, asserting ownership of a butane tank, prayed that a sheriff’s sale thereof under a judgment in favor of defendant and against Dudley Taylor and» Emily Taylor be decreed null and void and annulled, and that possession of the tank be restored to him. Coupled with his demands for recognition of title to said property, plaintiff prayed for judgment for damages sustained by him because of the wrongful seizure and sale of his property, such as for embarrassment, humiliation and impairment of credit rating, as well as a reasonable attorney’s fee, aggregating $1,100.
From a judgment recognizing plaintiff’s ownership of the tank and ordering its restoration to his possession, defendant appealed. Plaintiff has re-urged his demands for damages by answer to the appeal.
The record establishes these facts: That defendant, General Gas Corporation, on August 25, 1953, sold and delivered to Dudley Taylor and Emily Taylor, father and mother of plaintiff Jesse Taylor, a General Gas System Plant for residential use, including a 150-gallon butane tank, Serial No. 201971, together with range and connections, for the purchase price of $43.55 cash and a credit balance of $485.28, representative of which Dudley and Emily Taylor executed their vendor’s lien and chattel mortgage note, payable to said vendor in monthly installments.
None of this indebtedness having been paid, General Gas Corporation instituted suit on said note and obtained a judgment, dated February 5, 1954, against Dudley Taylor and Emily Taylor, in solido, for the aforesaid sum, plus interest, attorney’s fees and costs.
For the purpose of enforcing collection of said judgment, the sheriff of Jackson Parish, pursuant to a writ of fieri facias dated February 24, 1954, seized, advertised and sold to General Gas Corporation under date of March 27, 1954, the whole of said property for a price of $60. Subsequently, on August 27, 1954, another writ of fieri facias issued in said cause directing and commanding the seizure and sale of property of said debtors ■ sufficient to pay and discharge the remainder of said indebtedness. Accordingly, as was pointed out by the creditor in the writ .issued, there was seized, advertised and.sold to General Gas Corporation ,on September 25, 1954, the Butane tank involved herein and designated as a 150-gallon Sphere Butane System Tank, manufactured by Delta Tank Manufacturing Corporation and bearing Serial No. 85572.
Plaintiff’s action is predicated upon LSA-C.C. Art. -2452, which declares:
“The sale of a thing belonging to another person is null; * *
This principle applies to judicial sales. Guidry v. Sigler, La.App., 21 So.2d 232; Magnolia Petroleum Co. v. Keller, La. App., 22 So.2d 65.
To plaintiff’s action, defendant first filed an exception to the citation, which was abandoned in the trial court; then an exception to the jurisdiction of the court, which was overruled and which may now be considered as having been abandoned by not being urged before us, followed by a plea of estoppel, which was referred to the merits, and subsequently an exception of no cause or right of action, which we are informed in brief was directed at plaintiff’s demand for attorney’s fees as an item of the damages claimed. This exception likewise presents no issue before this court as plaintiff’s demands for attorney’s fees were rejected and he has neither appealed nor answered the appeal with respect to such fees. Hence, we are powerless and without authority to modify the judgment in appellee’s favor through the allowance of such fees.
On this appeal the defendant poses three questions for determination, (1) the own *222 ership of the tank; (2) plaintiff’s estoppel to claim ownership thereof, and (3) in the alternative, what damages, if any, plaintiff has sustained.
We experience no difficulty in concluding that plaintiff is the owner of the tank. The record leaves no doubt of that fact. This tank was sold by General Gas Corporation to Grambling Supply Mart, Inc., Grambling, Louisiana, October 3, 1949, which concern conveyed it to Jesse Taylor July 19, 1953. This was established by the testimony of Bennie Woodard, president of the Grambling corporation, as well as that of the plaintiff herein. Plaintiff’s testimony was corroborated by the testimony of Dudley Taylor and Emily Taylor. There was no evidence to the contrary and plaintiff’s position was, in effect, conceded in brief filed by defendant. The fact that the tank was installed on his father’s premises, where he resided, does not alter the situation nor affect his ownership.
Neither do we find merit in defendant’s plea of estoppel. The record fails to disclose sufficient facts upon which such a plea might be sustained. The facts are that plaintiff was living with his parents and was employed by the Southern Advance Bag & Paper Company, Inc., as a common laborer at its plant at Hodge, Louisiana. He knew of the previous purchases made by his father and mother from the General Gas Corporation consisting of a butane gas system for their residence, a gas range and a tank; also, that on account of the non-payment of the purchase price the items purchased had been “picked up”. Subsequently, he was informed that additional “papers” had been served or left by the sheriff at his father’s residence but he disclaimed any knowledge or information concerning their contents, or that their contents had been discussed with him or that he had any idea that he could be affected thereby. He denied that he had any information as to the seizure of his tank until it was removed from the premises on the day of the sale after returning home from work at 1:00 o’clock P.M. During the afternoon he proceeded to defendant’s office, asserted his ownership of the tank and protested the sale. It is further established by a stipulation in the record that, when the seizure of this tank was made, plaintiff’s mother informed the sheriff or his deputy that the tank was not the property of either her or her husband 'but was owned by a third person, and that when the officers returned for the tank on the morning of the day of the sale, she informed them that her son was the owner of the property.
Defendant’s plea of estoppel is predicated upon plaintiff’s alleged silence and inaction. The defendant, as the purchaser of the property, does not enjoy the status of an innocent third person; it was the seizing creditor. It is not conceived wherein it could have 'been misled to its prejudice by any action or non-action of plaintiff. Information of the ownership of the tank, as was stipulated, was given the sheriff prior to the sale. The general rule for silence and inaction constituting a basis for an estoppel is stated in 31 C.J.S., Es-toppel, § 87, pp. 301-303:
“Mere silence of itself will not raise an estoppel. To make the silence of a party operate as an estoppel the circumstances must have been such as to render it his duty to speak, and there must also have been an opportunity to speak, and it is essential that he should have had knowledge of the facts, and that the adverse party should have been ignorant of the truth, and have been misled into doing that which he would not have done but for such silence.”
In Bishop v. Copeland, 222 La. 284, 62 So.2d 486, 489, which was a petitory action to recover a %ths interest in 74.64 acres of land situated in Claiborne Parish, Louisiana, the interest claimed was by virtue of ownership asserted by plaintiffs as heirs of their deceased half-sister. The defendant relied upon its plea of estoppel, and in this connection Justice McCaleb, as the author of the opinion, stated:
*223 “It is professed' by counsel for defendant that plaintiffs. have estopped themselves from claiming ownership of an interest in the land because they sat idly by and permitted their father to be placed in possession of Angall’s succession as sole heir; that they knew that he was mortgaging the land to Burnette and that they, over a long period of time, allowed him to deal with the property as sole owner without protest.
“The proposition is not tenable. In ■the first place, the contention, even if it were otherwise sound, could affect only two of the plaintiffs as the other five were minors at the time their father, Tom Bishop, was placed in possession of Angall’s estate. But above this, the asserted inaction of plaintiffs could not constitute an es-toppel as it is the firmly established jurisprudence of this court that mere silence and delay cannot effect a loss of title to property other than by the laws of prescription. Long v. Chailan, supra [187 La. 507, 175 So. 42]; Tyson v. Spearman, 190 La. 871, 183 So. 201; Parker v. Ohio Oil Co., 191 La. 896, 186 So. 604; Dugas v. Powell, supra [207 La. 316, 21 So.2d 366]; Dileo v. Dileo, 217 La. 103, 46 So.2d 53 and Juneau v. Laborde, 219 La. 921, 54 So.2d 325.” (Emphasis supplied )
The authorities cited by defendant in support of this plea are inapposite, being clearly distinguishable on the facts.
Plaintiff's position, however, with respect to his claim for damages appears to us to be without merit. The property was placed by plaintiff on his father’s premises and, 'without being apprised of the ownership in some one else, it could not be said that, in having the property seized as the property of the father and mother to satisfy an indebtedness of theirs, defendant acted otherwise than in good faith. Lack of good faith on its part has not been. shown. There is no evidence showing that the protests made to the sheriff were ever communicated to the defendant; defendant’s local manager denied ever having received notice of plaintiff’s claim until after the sale. Nevertheless, whatever damages plaintiff may have suffered have not been proven to that degree of certainty that would justify an award in his favor.
We find no manifest error in the judgment appealed and it is, accordingly, affirmed at appellant’s cost.
Affirmed.